**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **RELIANT PRO REHAB, LLC** | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | |
| | § | |
| **BENJAMIN ATKINS,** | § | |
| **REMKO VAN DER VOORDT,** | § | |
| **THE REHAB DEPARTMENT, LLC,** | § | |
| **TRADITIONS SENIOR MANAGEMENT,** | § | |
| **INC.** | § | **CIVIL ACTION NO. 3:16-CV-920** |
| **LA MANAGEMENT HOLDINGS, LLC,** | § | |
| **BOTETOURT HEALTH CARE, LLC,** | § | |
| **CHESAPEAKE REHABILITATION &** | § | |
| **CARE CENTER, LLC,** | § | |
| **ESSEX REHAB & CARE CENTER, LLC,** | § | |
| **BIRDMONT HEALTH CARE, LLC,** | § | |
| **CPLACE UNIVERSITY SNF, LLC,** | § | |
| **CPLACE TIMBERWOOD SNF, LLC,** | § | |
| **CPLACE SPRINGHILL SNF, LLC,** | § | |
| **CPLACE COLONIAL RC, LLC,** | § | |
| **CPLACE FOREST PARK SNF, LLC,** | § | |
| **CPLACE UNITY SNF, LLC, AND** | § | |
| **CPLACE BATON ROUGE SNF, LLC** | § | |
| **Defendants.** | § | |

<u>**MEMORANDUM IN SUPPORT OF MOTION TO DISMISS BY
DEFENDANTS BENJAMIN ATKINS, REMKO VAN DER VOORDT, THE REHAB
DEPARTMENT, LLC, TRADITIONS SENIOR MANAGEMENT, INC. AND
LA MANAGEMENT HOLDINGS, LLC'S**</u>

Blake A. Bailey
Texas State Bar No. 01514700
Christopher R. Jones
Texas State Bar No. 24070018
**PHELPS DUNBAR, LLP**
115 Grand Avenue, Suite 222
Southlake, Texas 76092
(817) 488-3134 – Telephone
(817) 488-3214 – Facsimile
blake.bailey@phelps.com
chris.jones@phelps.com
ATTORNEYS FOR DEFENDANTS

## TABLE OF CONTENTS

Table of Authorities ........................................................................................................ ii

I.  Introduction ............................................................................................................1

II.  The Parties ..............................................................................................................2

III.  Factual and Procedural Background ........................................................................3

    A.  There is no jurisdiction over Benjamin Atkins ................................................5
    B.  There is no jurisdiction over Remko van der Voordt......................................6
    C.  There is no jurisdiction over The Rehab Department, LLC............................8
    D.  There is no jurisdiction over Traditions Senior Management, Inc. or
        LA Management Holdings, LLC ...........................................................9

IV.  Argument ...............................................................................................................10

    A.  The claims against the Defendants are subject to dismissal for lack of
        personal jurisdiction...............................................................................10

V.  Conclusion ............................................................................................................14

# TABLE OF AUTHORITIES

**Page(s)**

CASES

*AFTG-TG, LLC v. Nuvoton Tech. Corp.*,
589 F.3d 1358 (Fed. Cir. 2012)............................................................11

*Burger King Corp. v. Rudzewicz*,
471 U.S. 462 (1985)........................................................................10, 11

*Daimler AG v. Bauman*,
134 S. Ct. 746 (2014)......................................................................10, 13

*Ellicott Mach. Corp. v. John Holland Party Ltd.*,
995 F.2d 474 (4th Cir. 1993) ................................................................13

*Goodyear Dunlop Tires Operations, S.A. v. Brown*,
131 S. Ct. 2846 (2011)..........................................................................13

*Int'l Shoe Co. v. Washington*,
326 U.S. 310 (1945)..........................................................................11, 13

*J. McIntyre Mach., Ltd. v. Nicastro*,
564 U.S. 873 (2011)...............................................................................11

*Monge v. RG Petro-Mach. (Grp.) Co.*
701 F.3d 598 (10th Cir. 2012) ..............................................................11

*Panda Brandywine Corp. v. Potomac Elec. Power Co.*,
253 F.3d 865 (5th Cir. 2001) ................................................................11

*Steinbuch v. Cutler*,
518 F.3d 580 (8th Cir. 2008) ................................................................11

*TH Agric. & Nutrition, LLC v. Ace European Grp. Ltd.*,
488 F.3d 1282 (10th Cir. 2007) ............................................................13

*Walden v. Fiore*,
134 S. Ct. 1115 (2014)......................................................................11, 12

*World-Wide Volkswagen Corp. v. Woodson*,
444 U.S. 286 (1980).............................................................................11

**OTHER AUTHORITIES**

Fed. R. Civ. P. 12.................................................................................................................1

PD.19369346.1

Defendants Benjamin Atkins, Remko van der Voordt, The Rehab Department, LLC, Traditions Senior Management, Inc., and LA Management Holdings, LLC ("Movants"), pursuant to Rule 12(b)(2) of the Federal Rule of Civil Procedure, move to dismiss the Complaint against them for lack of personal jurisdiction.  In support of their motion to dismiss, Movants state as follows:

## I.    INTRODUCTION

Plaintiff Reliant Pro Rehab, LLC ("Reliant") filed this action against the Movants, as well as eleven additional defendants, collectively asserting claims for breach of contract, quantum meruit, fraudulent inducement, common law fraud, and tortious interference with contractual relations.  The primary focus of Plaintiff's claims are against the Movants, but jurisdiction is based solely on contracts between Plaintiff and the other Defendants  Although Plaintiff has asserted its claims globally without differentiating between the Defendants with whom it had contracts and the Defendants (Movants) with whom it had no contracts, it has the burden to establish personal jurisdiction over each Defendant individually.

Movants have not entered into any contract with Plaintiff, have not consented to jurisdiction in Texas, have not engaged in any business in Texas, and do not have minimum contacts with Texas.  Plaintiff cannot establish personal jurisdiction over the Movants based on contracts to which the Movants are not parties or conduct in which they did not engage.  The claims against Movants must be dismissed because this Court lacks personal jurisdiction over each of them.

## II.   THE PARTIES

Plaintiff contracted to provide physical therapy services at nursing homes located in Virginia or Louisiana.  Plaintiff's contracts are with of the Nursing Home Defendants (as defined below).[1]  Plaintiff has no contract with any of the five Movants.[2]

The Defendants in this case can be divided into three groups:  (1) the Nursing Home Defendants (the entities that operate the nursing homes in Louisiana[3] and Virginia[4]); (2) the Florida based entities that provided management services to the nursing homes and their Chairman/manager (Traditions, LA Management, and Benjamin Atkins); and (3) the company that began providing physical therapy services at the nursing homes after Plaintiff's contracts were terminated and its president (the Rehab Department, LLC and Remko van der Voordt).

The Nursing Home Defendants are limited liability companies that each operate one nursing home located in either Virginia or Louisiana.  None of the Nursing Home Defendants are citizens of Texas nor do they do any business in Texas.  Each of the Nursing Home Defendants entered into a separate contract with Plaintiff.  The Nursing Home Defendants consented to non-exclusive venue and jurisdiction in Texas; the Movants did not consent.[5]

Traditions Senior Management, Inc. ("Traditions") and LA Management Holdings, LLC ("LA Management") contracted with the Nursing Home Defendants to provide management

---

[1]  *See* Exhibit A at ¶ 5.
[2]  *See* Exhibit A at ¶ 5.
[3]  The Defendants that operate the nursing homes in Louisiana are: CPlace University SNF, LLC, CPlace Timberwood SNF, LLC, CPlace Springhill SNF, LLC,  CPlace Colonial RC, LLC, CPlace Forest Park SNF, LLC , CPlace Unity SNF, LLC , and CPlace Baton Rouge SNF, LLC.
[4]  The Defendants that operate the nursing homes in Virginia are Botetourt Health Care, LLC, Chesapeake Rehabilitation & Care Center, LLC, Essex Rehab & Care Center, LLC, and Birdmont Health Care, LLC.
[5]  *See* Exhibit A at ¶ 21; Exhibit B at ¶ 17; Exhibit C at ¶ 19; Exhibit D at ¶ 16; Exhibit E at ¶ 19.

2

services to the nursing homes.[6]  Benjamin Atkins is the Chairman of the Board of Traditions  and

the Manager of LA Management. [7] Traditions, LA Management, and Atkins never entered into

any contract with the Plaintiff and acted only in their capacity as a representative of the Nursing

Home Defendants.[8]

The Rehab Department, LLC is a physical therapy service provider that entered a contract

to provide physical therapy services at each of the nursing homes beginning after the contracts

with Plaintiff Reliant were terminated.[9]  Remko van der Voordt is the president of The Rehab

Department.[10]  The Rehab Department contracted with each of the Nursing Home Defendants; it

never entered into any contract with the Plaintiff.[11]  Contrary to the allegations in the Complaint,

Mr. van der Voodt was never a principal of any Defendant other than the Rehab Department.[12]

Movants Traditions, LA Management, Benjamin Atkins, the Rehab Department, and

Remko van der Voordt do not reside in Texas, have not signed any contract with the Plaintiff,

have not consented to venue or jurisdiction in Texas, do not do business in Texas, and do not

have minimum contacts in Texas to justify the exercise of jurisdiction here.

### III.   FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff has failed to allege any facts which would support this Court's personal

jurisdiction over Movants or that venue is proper in this District.  To the contrary, the allegations

---

[6]  The Louisiana nursing homes have a management agreement with LA Management.  LA Management, however, contracted for Traditions to provide the management services to the Louisiana nursing homes on its behalf, so Traditions now manages the nursing homes for each of the Nursing Home Defendants.  *See* Exhibit A at ¶ 4; Exhibit B at ¶ 4.

[7]  *See* Exhibit B at ¶ 2.

[8]  *See* Exhibit A at ¶ 4; Exhibit B at ¶ 4; Exhibit C at ¶ 4.

[9]  *See* Exhibit A at ¶ 4.

[10]  *See* Exhibit D at ¶ 2.

[11]  *See* Exhibit D at ¶ 4.

[12]  *See* Exhibit A at ¶ 4.

contained in the Complaint and the affidavits attached to Movant's Motion to Dismiss establish this Court has <u>no</u> personal jurisdiction over these five Defendants.

Plaintiff entered into separate Therapy Services Agreements with each of the Nursing Home Defendants in 2012.  The Agreements were negotiated between employees of Traditions and Plaintiff.  The Agreements were amended in 2013 and again in 2015.  The 2015 amendment was negotiated after various disputes arose regarding the services provided, the accuracy and adequacy of the billing and services provided by Plaintiff which created a potential liability to Medicare.  The Second Amendment was negotiated from Florida by employees of Traditions acting in its capacity as manager for the Nursing Home Defendants.[13]

Traditions sent notice on behalf of the Nursing Home Defendants to terminate the Therapy Service Agreements with Plaintiff effective on September 30, 2015 and entered into new contracts with the Rehab Department to begin providing the physical therapy services on October 1, 2015.[14]

Plaintiff provided the physical therapy services at the specific nursing homes in Virginia and Louisiana.  Documentation of the services for billing purposes were submitted at the nursing homes and transferred to Traditions' office in Clearwater, Florida.  All of the audit work in reviewing the bills and negotiations with Medicare and Medicaid for payment of the bills took place at Traditions' Offices in Clearwater, Florida or at the nursing home locations in Louisiana or Virginia.  Payments were made from Traditions Offices in Clearwater, Florida and all billing disputes took place in Clearwater, Florida.  None of the services, disputes, contract performance,

---

[13] *See* Exhibit A at ¶¶ 4-7.
[14] *See* Exhibit A at ¶ 8.

negotiations or disputes under the contracts occurred in Texas; the only connection between the disputes and Texas is that communications were sent to Plaintiff's office in Texas. [15]

The Rehab Department entered into negotiations with the Nursing Home Defendants through Traditions acting in its management capacity for the Nursing Home Defendants in Clearwater, Florida.[16]  The Rehab Department has never had any contract with Plaintiff and has never done any business with Plaintiff.[17]

### A.      There is no jurisdiction over Benjamin Atkins

Benjamin Atkins is an individual who is the Chairman of the Board of Traditions and the manager of LA Management.[18]  All actions alleged against him in this case are based on actions he took within the course and scope of his employment in Clearwater, Florida.[19]  He is not subject to general or special jurisdiction in Texas and there are no actions by him alleged to have taken place in Texas or to have been directed at Texas which would subject him to personal jurisdiction in Texas.[20]

In an attempt to support personal jurisdiction over Benjamin Atkins, Plaintiff asserts only that Atkins "contracted with a Texas resident" and "contractually consented to personal jurisdiction in Texas." (Complaint at 2).  These allegations are not true and are not supported. First, Atkins never contractually consented to personal jurisdiction in Texas.[21]  Second, Atkins never entered into a personal contract with a Texas resident relating to the claims in this lawsuit; although he signed the 2015 amendment to the contracts between the Nursing Home Defendants

---

[15] *See* Exhibit A at ¶¶ 4-8.
[16] *See* Exhibit A at ¶ 4.
[17] *See* Exhibit D at ¶ 4.
[18] *See* Exhibit A at ¶ 2; Exhibit B at ¶ 2; Exhibit C at ¶ 4.
[19] *See* Exhibit C at ¶5.
[20] *See* Exhibit C.
[21] *See* Exhibit C at ¶ 19.

and Reliant in his employment capacity as Manager, he is not an individual party to any of the contracts.[22]

The Complaint does not contain a single allegation of any act performed by Atkins in his individual capacity, any act by Atkins in Texas, any act by Atkins directed at Texas, or any fact in support of either specific or general jurisdiction of this Court over Atkins individually. As established by his declaration attached as Exhibit C to the Motion to Dismiss, which is incorporated herein for all purposes, Atkins is an individual and a nonresident of Texas. Atkins resides in Florida, works in Florida, has had no purposeful contacts with Texas, and took no action within the state of Texas in relation to Plaintiff or the claims asserted in the Complaint.[23]

Plaintiff also has failed to properly seek or obtain service over Atkins. Plaintiff asserts that service on Atkins through the Texas Secretary of State is proper because Atkins "engages in business in this state but has not designated a registered agent for service of process and does not maintain a regular place of business in this state." (Complaint at 2). Plaintiff provides no support for the propriety of serving an individual citizen of the state of Florida through the Texas Secretary of State. The Texas Secretary of State is not an agent for service of process for Atkins, and Plaintiff's attempt at service is improper.

### B.    There is no jurisdiction over Remko van der Voordt

Remko van der Voordt is an individual who is the managing member and president of the Rehab Department, LLC.[24] All actions alleged against him in this case are based on actions he took within the course and scope of his employment with the Rehab Department in Florida. He is not subject to general or special jurisdiction in Texas and there are no actions by him alleged

---

[22] *See* Exhibit C at ¶¶ 5, 6.
[23] *See* Exhibit C at ¶¶ 6-21.
[24] *See* Exhibit E at ¶ 3.

to have taken place in Texas or to have been directed at Texas which subject him to personal jurisdiction in Texas.[25]

In an attempt to support personal jurisdiction over Remko van der Voordt, Plaintiff asserts that van der Voordt "contracted with a Texas resident" and "contractually consented to personal jurisdiction in Texas." (Complaint at 2).  First, van der Voordt never contracted with a Texas Resident.[26]  Second, he never consented to jurisdiction in Texas.[27]  Third, contracting with a Texas resident is not the standard for subjecting a non-resident to jurisdiction.  Fourth, the Complaint fails to identify any contract which Mr. van der Voordt signed in his individual or corporate capacity with a Texas Resident.  The Complaint only alleges that the Rehab Department entered into a contract with the Nursing Home Defendants and hired physical therapists who work in Virginia and Louisiana who used to be employed by Plaintiff at those same locations.  The Complaint simply fails to identify any factual basis for personal jurisdiction in Texas over Mr. van der Voordt.

The Complaint does not contain a single allegation of any act performed by van der Voordt in Texas, any act performed by van der Voordt directed at Texas, or any fact in support of either specific or general jurisdiction of this Court over van der Voordt.  As established by his declaration attached to the Motion to Dismiss as Exhibit E, which is incorporated herein for all purposes, van der Voordt is an individual and a nonresident of Texas.  Van der Voordt resides in Florida, works in Florida, has had no purposeful contacts with Texas, and took no action within the state of Texas in relation to Plaintiff or the claims asserted in the Complaint.

---

[25] *See* Exhibit E at ¶ ¶ 3-20.
[26] *See* Exhibit E at ¶ 4.
[27] *See* Exhibit E at ¶ 19.

PD.19369346.1

Plaintiff also has failed to properly seek or obtain service over van der Voordt.  Plaintiff asserts service on van der Voordt through the Texas Secretary of State is proper because van der Voordt "engages in business in this state but has not designated a registered agent for service of process and does not maintain a regular place of business in this state." (Complaint at 2). Plaintiff provides no factual support for the allegation that van der Voordt engages in business in Texas or for serving an individual citizen of the state of Florida who has directed no acts toward Texas through the Texas Secretary of State.  The Texas Secretary of State is not an agent for service of process for van der Voordt, and Plaintiff's attempt at service is improper.

### C.    There is no jurisdiction over The Rehab Department, LLC

In an attempt to support personal jurisdiction over The Rehab Department, LLC, Plaintiff asserts only that The Rehab Department, LLC "contracted with a Texas resident" and "contractually consented to personal jurisdiction in Texas." (Complaint at 2). First, the Complaint fails to identify any contract which the Rehab Department signed with a Texas Resident.  Second, contracting with a Texas resident is not the standard for subjecting a non-resident to jurisdiction.  Third, The Rehab Department, LLC never contractually consented to jurisdiction in Texas.[28]  The Complaint does not contain a single allegation of any act performed by The Rehab Department in Texas, any act performed by The Rehab Department directed at Texas, or any fact in support of either specific or general jurisdiction of this Court over The Rehab Department.  As established by the declaration of Mr. van der Voodt attached to the Motion to Dismiss as Exhibit D, which is incorporated herein for all purposes, the Rehab Department is a nonresident of Texas.  The Rehab Department is a Wyoming limited liability company, has its principal place of business in Florida, and its equity member resides in

---

[28] *See* Exhibit D at ¶ 16.

Florida.[29]  The Rehab Department has had no purposeful contacts with Texas, and took no action within the state of Texas in relation to Plaintiff or the claims asserted in the Complaint.[30]

Plaintiff also has failed to properly seek or obtain service over The Rehab Department. Plaintiff incorrectly asserts that service on The Rehab Department through the Texas Secretary of State is proper because the company "engages in business in this state but has not designated a registered agent for service of process and does not maintain a regular place of business in this state." (Complaint at 2-3).  The Rehab Department, LLC does not transact business in the State of Texas and therefore is not required to designate a registered agent for service of process in Texas.  The Texas Secretary of State is not an agent for service of process for The Rehab Department and Plaintiff's attempt at service is therefore improper.

### D.      There is no jurisdiction over Traditions Senior Management, Inc. or LA Management Holdings, LLC

In an attempt to support personal jurisdiction over Traditions and LA Management, Plaintiff asserts only that both entities "contracted with a Texas resident" and "contractually consented to personal jurisdiction in Texas." (Complaint at 2).  First, neither Traditions nor LA Management ever contractually consented to jurisdiction in Texas.[31]  Second, neither contracted with a Texas resident; Plaintiff entered contracts with the Nursing Home Defendants, not the management companies representing them.[32]  Third, the Complaint does not contain a single allegation of any act performed in Texas, any act directed at Texas, or any fact in support of either specific or general jurisdiction of this Court over Traditions or LA Management.  As established by the declaration of Traditions and Benjamin Atkins as Representative of LA Management attached to the Motion to Dismiss as Exhibits A & B, which are incorporated

---

[29] *See* Exhibit D at ¶ 3.
[30] *See* Exhibit D at ¶ 4.
[31] *See* Exhibit B at ¶ 21.
[32] *See* Exhibit D at ¶ 4.

herein for all purposes, Traditions is a Nevada corporation with its principal place of business in Florida and LA Management is a Florida limited liability company whose equity member is a citizen of Florida.[33]  Both entities conduct business in Florida and provide management services to nursing homes in Virginia and Louisiana.[34]  Neither company has had any purposeful contacts with Texas and took no action within the state of Texas in relation to Plaintiff or the claims asserted in the Complaint.[35]

Plaintiff also has failed to properly seek or obtain service over Traditions or LA Management.  Plaintiff incorrectly asserts that service through the Texas Secretary of State is proper because each of the companies "engages in business in this state but has not designated a registered agent for service of process and does not maintain a regular place of business in this state." (Complaint at 3).  Plaintiff has failed to assert any fact to support these allegations or that the claim asserted arose from business done in Texas.  The Texas Secretary of State is not an agent for service of process for Traditions or LA Management, and Plaintiff's attempt at service is therefore improper.

## IV.   ARGUMENT

### A.   The claims against the Defendants are subject to dismissal for lack of personal jurisdiction

Federal courts do not have jurisdiction over a nonresident defendant unless the nonresident defendant has purposefully established "minimum contacts' with the forum state and the exercise of jurisdiction comports with "fair play and substantial justice." *Daimler AG v. Bauman*, 134 S. Ct. 746, 754 (2014); *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474-76

---

[33] *See* Exhibit A at ¶ 3; Exhibit B at ¶ 3.
[34] *See* Exhibit A at ¶ 4; Exhibit B at ¶ 4.
[35] *See* Exhibit A at ¶ 10; Exhibit B at ¶ 6.

(1985); *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 291-92 (1980); *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945).

Under minimum-contacts analysis, a court must determine whether a nonresident defendant has purposefully availed itself of the benefits and protections of the forum state by conducting activities within the forum state. *J. McIntyre Mach., Ltd. v. Nicastro*, 564 U.S. 873, 883 (2011) (plurality op.); *Steinbuch v. Cutler*, 518 F.3d 580, 585-86 (8th Cir. 2008); *Panda Brandywine Corp. v. Potomac Elec. Power Co.*, 253 F.3d 865, 867-78 (5th Cir. 2001) (court must determine whether the defendant has purposefully availed himself of the benefits and protections of the forum state by establishing minimum contacts with the forum state).

In measuring minimum contacts, a court should consider the following: (1) the nature and quality of the contacts with the forum state; (2) the quantity of the contacts; (3) the relation of the claim to the contacts; (4) the interest of the forum state in providing a forum for its residents; and (5) the convenience of the parties. *Steinbuch*, 518 F.3d at 586. Minimum contacts are not established unless a court finds it has either specific or general jurisdiction over the defendant. *Monge v. RG Petro-Mach. (Grp.) Co.* 701 F.3d 598, 613 (10th Cir. 2012); *AFTG-TG, LLC v. Nuvoton Tech. Corp.*, 589 F.3d 1358, 1360 (Fed. Cir. 2012).

A court cannot exercise specific jurisdiction over a nonresident defendant unless the nonresident defendant's activities were purposefully directed to the forum state and the litigation resulted from alleged injuries that arise from or relate to those activities. *J. McIntyre Mach.*, 564 U.S. at 883. For there to be specific jurisdiction over a defendant, "the defendant's suit-related conduct must create a substantial connection with the forum State." *Walden v. Fiore*, 134 S. Ct. 1115, 1121 (2014). The "relationship must arise out of contacts that the 'defendant himself' creates with the forum State." *Id.*, quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475

(1985).    "Second, our 'minimum contacts' analysis looks to the defendant's contacts with the forum State itself, not the defendant's contacts with persons who reside there."    *Walden,*  134 S. Ct. at 1122.    "But the plaintiff cannot be the only link between the defendant and the forum. Rather, it is the defendant's conduct that must form the necessary connection with the forum State that is the basis for its jurisdiction over him."  *Id.*

This Court does not have specific jurisdiction over the Movants because they did not purposefully direct their activities to Texas and Plaintiff's claim did not arise from or relate to any contacts by Movants with Texas.   The two management company defendants and their Manager and Chairman of the Board (LA Management, Traditions, and Benjamin Atkins) are all located in Clearwater, Florida, conduct all of their operations in Clearwater, Florida, and all of their employees are in the Clearwater, Florida office or at the nursing homes in Louisiana or Virginia.   They negotiated the contracts on behalf of the Virginia and Louisiana nursing homes from their offices in Florida.   The Therapy Services Agreements were between the Nursing Home Defendants for plaintiff to provide services at the nursing homes in Virginia and Louisiana, none were in Texas.   And the management companies did not enter into any contract with plaintiff at all.   The Rehab Department and its President (Remko van der Voordt) operate out of offices in Clearwater, Florida (Mr. van der Voordt is a resident of the Clearwater, Florida area).    There is not a single factual allegation in the Complaint of any act by the Rehab Department or van der Voordt in Texas or directed toward Texas.

Plaintiff's claim arises from allegations that the Nursing Home Defendants failed to pay for services rendered in a state or states other than Texas, terminated contracts that required performance outside Texas, and hired therapists to perform services outside of Texas.   There are no acts by any Defendants that Plaintiff alleges to have occurred in Texas.   As established in the

declarations attached to the Motion, Movants never had any personal dealings or involvement with Plaintiff within the state of Texas.

A court cannot exercise general jurisdiction over a nonresident defendant unless there are continuous and systematic contacts between the nonresident defendant and the forum state. *Daimler AG*, 134 S. Ct. at 754 ; *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 131 S. Ct. 2846, 2853 (2011). Plaintiff has the burden to establish facts to support personal jurisdiction over a nonresident defendant. Plaintiff, however, has pleaded no facts to support general jurisdiction over Movants. Further, as established by Movants' declarations, Movants have not had continuous or systematic contacts with Texas. Specifically, Movants do not reside in Texas, do not maintain an office in Texas, do not receive mail in Texas, do not maintain a Texas driver's license, are not registered to vote in Texas, do not reside in or own, rent, or lease any real property or guaranty any leases in Texas, do not conduct any personal business in Texas, have never lived in Texas or enrolled in any school in Texas, and do not maintain any mailbox, telephone, telephone listing, records, files, correspondence, or other documents in Texas. Accordingly, the Court does not have general jurisdiction over Movants.

Finally, asserting jurisdiction over Movants in Texas would offend traditional notions of fair play and substantial justice and would be inconsistent with the constitutional requirements of due process. *Int'l Shoe*, 326 U.S. at 316. Specifically, asserting jurisdiction over Movants would be unfair and would place an extraordinary burden on Movants. *Ellicott Mach. Corp. v. John Holland Party Ltd.*, 995 F.2d 474, 479-80 (4th Cir. 1993); *see TH Agric. & Nutrition, LLC v. Ace European Grp. Ltd.*, 488 F.3d 1282, 1292-93 (10th Cir. 2007). For example, being required to defend a lawsuit in Texas would be extremely burdensome on Movants insofar as they reside in Florida and have no jurisdictional connection to Texas. The exercise of personal

13

jurisdiction by a court in Texas to defend Plaintiff's lawsuit based on actions in Louisiana, Virginia, and Florida would result in severe inconvenience, expense and burden to Movants, both personally and professionally.  The assertion of jurisdiction over Movants would be unfair and unreasonable in light of the substantial burden, disruption and expense Movants would be forced to endure in order to litigate a case thousands of miles from their homes or offices.

## V.    CONCLUSION

For the foregoing reasons, the claims against Benjamin Atkins, Remko Van Der Voordt, The Rehab Department, LLC, Traditions Senior Management, Inc., and LA Management Holdings, LLC should be dismissed without prejudice.

Respectfully submitted,


__/s/ Blake A. Bailey_____
Blake A. Bailey
Texas State Bar No. 01514700
Christopher R. Jones
Texas State Bar No. 24070018
**PHELPS DUNBAR, LLP**
115 Grand Avenue, Suite 222
Southlake, Texas 76092
(817) 488-3134 – Telephone
(817) 488-3214 – Facsimile
blake.bailey@phelps.com
chris.jones@phelps.com

ATTORNEYS FOR DEFENDANTS

## **CERTIFICATE OF SERVICE**

This is to certify that on this 16th day of May, 2016, I electronically submitted the foregoing document with the clerk of court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the Court. I hereby certify that I have served all counsel of record electronically in accordance with the Federal Rules of Civil Procedure 5(b)(2).

__*/s/ Blake A. Bailey*_____
Blake A. Bailey
