IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **RELIANT PRO REHAB, LLC** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | |
| **BENJAMIN ATKINS,** | § | |
| **REMKO VAN DER VOORDT,** | § | |
| **THE REHAB DEPARTMENT, LLC,** | § | |
| **TRADITIONS SENIOR MANAGEMENT,** | § | **CIVIL ACTION NO. 3:16-CV-920** |
| **INC.** | § | |
| **LA MANAGEMENT HOLDINGS, LLC,** | § | |
| **BOTETOURT HEALTH CARE, LLC,** | § | |
| **CHESAPEAKE REHABILITATION &** | § | |
| **CARE CENTER, LLC,** | § | |
| **ESSEX REHAB & CARE CENTER, LLC,** | § | |
| **BIRDMONT HEALTH CARE, LLC,** | § | |
| **CPLACE UNIVERSITY SNF, LLC,** | § | |
| **CPLACE TIMBERWOOD SNF, LLC,** | § | |
| **CPLACE SPRINGHILL SNF, LLC,** | § | |
| **CPLACE COLONIAL RC, LLC,** | § | |
| **CPLACE FOREST PARK SNF, LLC,** | § | |
| **CPLACE UNITY SNF, LLC, AND** | § | |
| **CPLACE BATON ROUGE SNF, LLC** | § | |
| | | |
| Defendants. | | |

**ANSWER AND COUNTERCLAIM OF DEFENDANTS:
BOTETOURT HEALTH CARE, LLC, CHESAPEAKE REHABILITATION & CARE
CENTER, LLC, ESSEX REHAB & CARE CENTER, LLC, BIRDMONT HEALTH
CARE, LLC, CPLACE UNIVERSITY SNF, LLC, CPLACE TIMBERWOOD SNF, LLC,
CPLACE SPRINGHILL SNF, LLC,  CPLACE COLONIAL RC, LLC, CPLACE
FOREST PARK SNF, LLC , CPLACE UNITY SNF, LLC ,
<u>AND CPLACE BATON ROUGE SNF, LLC</u>**

Defendants Botetourt Health Care, LLC, Chesapeake Rehabilitation & Care Center, LLC,

Essex Rehab & Care Center, LLC, Birdmont Health Care, LLC, CPlace University SNF, LLC,

CPlace Timberwood SNF, LLC, CPlace Springhill SNF, LLC, CPlace Colonial RC, LLC,

CPlace Forest Park SNF, LLC , CPlace Unity SNF, LLC , and CPlace Baton Rouge SNF, LLC

(collectively "Defendants") file this Answer in Response to Plaintiff's First Original Complaint. These Defendants submit this answer using the term Defendants to only refer to them and not the other named Defendants.

## RULE 12 DEFENSES

1. Pursuant to Rule 12(b)(3), F<small>ED</small>. R. C<small>IV</small>. P., Defendants state that venue is improper in this District because it is inconvenient as almost all of the witnesses, documents, and actions which form the basis of the Complaint are outside of the State of Texas.

2. Pursuant to Rule 12(b)(4) and 12(b)(5), F<small>ED</small>. R. C<small>IV</small>. P., Defendants state that both the process served and the method of service of process on these Defendants was improper. The Process was addressed to and served upon the Texas Secretary of State purportedly as the agent for these Defendants. Such service was improper. The Secretary of State is not authorized to accept service on behalf of a limited liability company which is not a citizen of the State of Texas, not registered to do business in the State of Texas, and is not doing business in the State of Texas. None of these Defendants conduct any business or own any property within the State of Texas. Defendants are limited liability companies which each operate a single nursing home located in either Louisiana or Virginia.

3. Pursuant to Rule 12(b)(6), F<small>ED</small>. R. C<small>IV</small>. P., Defendants state that Plaintiff has failed to sufficiently plead claims upon which relief may be granted against Defendants. Plaintiff has not provided fair notice of the claims asserted against each Defendant, instead pleading claims globally which do not apply to each Defendant, and has not provided fair notice of the conduct upon which such claims are asserted. Plaintiff has not identified the contract or contract terms that were allegedly breached by each Defendant, the acts which are alleged to have breached the contract, or the damages asserted against each Defendant. Plaintiff has not

met the pleading requirements under *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). A "plaintiff must offer 'more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.'" *Foxx v. My Vintage Baby, Inc.*, 624 F. App'x 318, 318 (5th Cir. 2015) (internal citations omitted) (*quoting Twombly*, 550 U.S. at 555). Defendants also object to the fraudulent inducement and common-law fraud claims asserted in Counts III and IV on the grounds that they fail to state a claim upon which relief may be granted and fail to state the claim with the particularity required under FED. R. CIV. P. 9.

4.      Pursuant to Rule 12(b)(7), FED. R. CIV. P., Defendants state that parties necessary to adjudicating these claims have been named as Defendants in the Complaint, but are not subject to personal jurisdiction in this Court. Therefore, venue is improper in this District and the case should be dismissed without prejudice to being refiled in a Court which has personal jurisdiction over all of the Defendants or transferred to the Middle District of Florida which does have jurisdiction over all necessary parties.

5.      Pursuant to Rule 12(h), FED. R. CIV. P., Defendants state that Plaintiff should be required to replead its claim with more specificity to identify the factual and legal basis for the claims asserted against each Defendant. Defendants cannot adequately defend themselves without notice of the claim and the factual basis for the claim being asserted against them.

### ANSWER TO ALLEGATIONS IN COMPLAINT

6.      Defendants lack sufficient knowledge or information to admit the allegations contained in paragraph 1 of the Complaint and on that basis deny those allegations.

7. Defendants admit only the allegation contained in paragraph 2 of the Complaint that Benjamin Atkins is an individual that resides in Florida and denies the remaining allegations.

8. Defendants admit only the allegation contained in paragraph 3 of the Complaint that Remko van der Voordt is an individual that resides in Florida and denies the remaining allegations.

9. Defendants admit only the allegations contained in paragraph 4 of the Complaint that the Rehab Department, LLC is a limited-liability company whose principal place of business is in Florida and that its sole member is a resident of Florida; Defendants deny the remaining allegations.

10. Defendants admit only the allegations contained in paragraph 5 of the Complaint that Traditions Senior Management, Inc. is a Nevada corporation with its principal place of business in Florida; Defendants deny the remaining allegations.

11. Defendants admit only the allegations contained in paragraph 6 of the Complaint that LA Management Holdings, LLC is a limited liability company with its principal place of business in Florida; Defendants deny the remaining allegations.

12. Defendants admit only the allegation contained in paragraph 7 of the Complaint that Botetourt Health Care, LLC is a limited liability company; Defendants deny the remaining allegations.

13. Defendants admit only the allegations contained in paragraph 8 of the Complaint that Chesapeake Rehabilitation & Care Center, LLC is a limited liability company and that Creative Care Resources, LLC, Careen, LLC, and West Cost Commonwealth Partners, LLC are

members of Chesapeake Rehabilitation & Care Center, LLC; Defendants deny the remaining allegations.

14. Defendants admit only the allegations contained in paragraph 9 of the Complaint that Essex Rehab & Care Center, LLC is a limited liability company; Defendants deny the remaining allegations.

15. Defendants admit only the allegation contained in paragraph 10 of the Complaint that Birdmont Health Care, LLC is a limited liability company; Defendants deny the remaining allegations.

16. Defendants admit only the allegation contained in paragraph 11 of the Complaint that CPlace University SNF, LLC is a limited liability company with its principal place of business in Louisiana; Defendants deny the remaining allegations.

17. Defendants admit only the allegation contained in paragraph 12 of the Complaint that CPlace Timberwood SNF, LLC is a limited liability company with its principal place of business in Louisiana; Defendants deny the remaining allegations.

18. Defendants admit only the allegation contained in paragraph 13 of the Complaint that CPlace Springhill SNF, LLC is a limited liability company with its principal place of business in Louisiana; Defendants deny the remaining allegations.

19. Defendants admit only the allegation contained in paragraph 14 of the Complaint that CPlace Colonial SNF, LLC is a limited liability company with its principal place of business in Louisiana; Defendants deny the remaining allegations.

20. Defendants admit only the allegation contained in paragraph 15 of the Complaint that CPlace Forest Park SNF, LLC is a limited liability company with its principal place of business in Louisiana; Defendants deny the remaining allegations.

21. Defendants admit only the allegation contained in paragraph 16 of the Complaint that CPlace Unity SNF, LLC is a limited liability company with its principal place of business in Louisiana; Defendants deny the remaining allegations.

22. Defendants admit only the allegation contained in paragraph 17 of the Complaint that CPlace Baton Rouge SNF, LLC is a limited liability company with its principal place of business in Louisiana; Defendants deny the remaining allegations.

23. Defendants admit only the allegations contained in paragraph 18 of the Complaint that certain defendants, specifically Botetourt Health Care, LLC, Chesapeake Rehabilitation & Care Center, LLC, Essex Rehab & Care Center, LLC, Birdmont Health Care, LLC, CPlace University SNF, LLC, CPlace Timberwood SNF, LLC, CPlace Springhill SNF, LLC, CPlace Colonial RC, LLC, CPlace Forest Park SNF, LLC , CPlace Unity SNF, LLC , and CPlace Baton Rouge SNF, LLC, entered into contracts with the Plaintiff that contained a provision for permissive venue and jurisdiction in Texas.  Defendants deny that the other defendants did so and therefore deny the remaining the allegations of paragraph 18 of the Complaint.

24. Defendants deny the allegations contained in paragraph 19 of the Complaint that this Court has jurisdiction over plaintiff's claims, but admits that federal jurisdiction would be proper in a different district.

25. Defendants deny the allegations contained in paragraph 20 of the Complaint.

26. Defendants admit only the allegations contained in paragraph 21 of the Complaint that Reliant provides rehabilitation management services to skilled nursing facilities, including professional staffing.  Defendants lack sufficient knowledge or information to admit the remaining allegations contained in paragraph 21 of the Complaint and on that basis deny those allegations.

27. Defendants admit the allegations contained in paragraph 22 of the Complaint that Plaintiff entered into contracts which have been amended twice with Defendants Botetourt Health Care, LLC, Chesapeake Rehabilitation & Care Center, LLC, Essex Rehab & Care Center, LLC, Birdmont Health Care, LLC, CPlace University SNF, LLC, CPlace Timberwood SNF, LLC, CPlace Springhill SNF, LLC, CPlace Colonial RC, LLC, CPlace Forest Park SNF, LLC , CPlace Unity SNF, LLC , and CPlace Baton Rouge SNF, LLC and deny the allegations with respect to the other Defendants.

28. Defendants deny the allegations contained in paragraph 23 of the Complaint.

29. Defendants admit Reliant requested that Defendants bring the account current and state that the accounts were brought current; Defendants deny the remaining allegations contained in paragraph 24 of the Complaint.

30. Defendants deny the allegations contained in paragraph 25 of the Complaint and state particularly that plaintiff did not comply with its obligations under the contracts, and expressly agreed that the contracts could be terminated at any time and that there were no restrictions on hiring or soliciting any of the physical therapists that previously worked for Plaintiff.

31. Defendants deny the allegations contained in paragraph 26 of the Complaint.

32. Defendants deny the allegations contained in paragraph 27 of the Complaint.

33. Defendants deny the allegations contained in paragraph 28 of the Complaint.

34. Defendants admit only the allegations contained in the first sentence of paragraph 29 of the Complaint and state that the contracts as amended speak for themselves; Defendants deny the remaining allegations.

35. Defendants deny the allegations contained in paragraph 30 of the Complaint.

36. Defendants admit only the allegations contained in paragraph 31 of the Complaint that Plaintiff pleads for damages, denies that Plaintiff is entitled to such damages, and denies the remaining allegations.

37. Defendants deny the allegations contained in paragraph 32 of the Complaint.

38. Defendants deny the allegations contained in paragraph 33 of the Complaint.

39. Defendants deny the allegation contained in paragraph 34 that Remko van der Voordt was a former principal of Defendants and admits the remaining allegations contained in paragraph 34 of the Complaint.

40. Defendants deny the allegations contained in paragraph 35 of the Complaint.

41. Defendants deny the allegations contained in paragraph 36 of the Complaint.

42. Defendants deny the allegations contained in paragraph 37 of the Complaint.

43. Defendants admits the allegations contained in paragraph 38 of the Complaint that Plaintiff is requesting a jury.

44. Defendants deny the all allegations contained in the Complaint which are not specifically admitted herein.

## AFFIRMATIVE DEFENSES

45. Plaintiff's claims are barred in whole or in part by the doctrine of payment as Defendants have already paid all sums due and owing to Plaintiff.

46. Plaintiff's claims are barred in whole or in part by its prior material breach of the contracts and its unclean hands.  Plaintiff violated its contractual obligations by failing to provide services and documentation that comply with federal and state law and requirements of Medicare and Medicaid.  As a result, Medicare and Medicaid have refused to pay for the services which has damaged Defendants.

47. Plaintiff's claims are barred in whole or in part by the doctrine of accord and satisfaction in that all sums due under the contract were resolved by the agreement of the parties.

48. Defendants assert with respect to Plaintiff's claim for punitive damages, any award of punitive damages must be limited to the greater of: (1) two times the amount of economic damages, plus an amount equal to any non-economic damages found by the jury, not to exceed $750,000; or (2) $200,000, pursuant to the statutory mandates of Texas Civil Practice & Remedies Code §41.002-41.009, including the increased burden of proof.

## COUNTERCLAIM

Counterclaimants are Botetourt Health Care, LLC, Chesapeake Rehabilitation & Care Center, LLC, Essex Rehab & Care Center, LLC, Birdmont Health Care, LLC, CPlace University SNF, LLC, CPlace Timberwood SNF, LLC, CPlace Springhill SNF, LLC, CPlace Colonial RC, LLC, CPlace Forest Park SNF, LLC , CPlace Unity SNF, LLC , and CPlace Baton Rouge SNF, LLC as their counterclaim against Plaintiff, state as follows:

1. Botetourt Health Care, LLC is a limited liability company whose members are citizens of Florida and Virginia. Botetourt operates a nursing home in Virginia.

2. Chesapeake Rehabilitation & Care Center, LLC is a limited liability company whose members are citizens of Florida and Virginia. Chesapeake operates a nursing home in Virginia.

3. Essex Rehab & Care Center, LLC is a limited liability company whose members are citizens of Florida and Virginia. Essex operates a nursing home in Virginia.

4. Birdmont Health Care, LLC is a limited liability company whose members are citizens of Florida and Virginia. Birdmont operates a nursing home in Virginia.

5. CPlace University SNF, LLC is a limited liability company whose members are citizens of Florida and Louisiana. CPlace University operates a nursing home in Louisiana.

6. CPlace Timberwood SNF, LLC is a limited liability company whose members are citizens of Florida and Louisiana. CPlace Timberwood operates a nursing home in Louisiana.

7. CPlace Springhill SNF, LLC is a limited liability company whose members are citizens of Florida and Louisiana. CPlace Springhill operates a nursing home in Louisiana.

8. CPlace Colonial RC, LLC is a limited liability company whose members are citizens of Florida and Louisiana. CPlace Colonial operates a nursing home in Louisiana.

9. CPlace Forest Park SNF, LLC is a limited liability company whose members are citizens of Florida and Louisiana. CPlace Forest Park a nursing home in Louisiana.

10. CPlace Unity SNF, LLC is a limited liability company whose members are citizens of Florida and Louisiana. CPlace Unity operates a nursing home in Louisiana.

11. CPlace Baton Rouge SNF, LLC is a limited liability company whose members are citizens of Florida and Louisiana. CPlace Baton Rouge operates a nursing home in Louisiana.

12. Reliant Pro Rehab, LLC is a limited liability company which is owned by a single member, Reliant Rehabilitation Holdings, Inc., which is a Delaware corporation with a principal place of business in Texas.

13. Jurisdiction is proper in this Court under 28 U.S.C. §1332(a)(1) because there is complete diversity – Counter-Defendant Reliant is a citizen of Texas and Delaware and no counterclaimant is a citizen of Texas or Delaware – and the amount in controversy exceeds $75,000.

14. Venue over this counterclaim is proper in the same District in which the Plaintiff's Complaint is tried; as stated above, however, venue is proper in the Middle District of

Florida based on the convenience of the witnesses and the fact that this Court lacks personal jurisdiction over some of the Defendants. Counter-claimants request that this counterclaim be transferred with the Plaintiff's claim to the Middle District of Florida. These counterclaims, or a substantial portion of the counterclaims, arose based on conduct in the Middle District of Florida, many of the witnesses and documents are located in the Middle District of Florida, and all parties are subject to personal jurisdiction in the Middle District of Florida.

## FACTUAL BACKGROUND

15. Botetourt Health Care, LLC, Chesapeake Rehabilitation & Care Center, LLC, Essex Rehab & Care Center, LLC, Birdmont Health Care, LLC, CPlace University SNF, LLC, CPlace Timberwood SNF, LLC, CPlace Springhill SNF, LLC, CPlace Colonial RC, LLC, CPlace Forest Park SNF, LLC , CPlace Unity SNF, LLC , CPlace Baton Rouge SNF, LLC (the "Nursing Home Defendants") each operate a nursing home in either Virginia or Louisiana. The witnesses and documents relating to the services provided by Reliant and the documents relating to charges disputed by Medicare and Medicaid, along with the persons knowledgeable about these disputes, are located, in large part, in Clearwater, Florida.

16. The Nursing Home Defendants entered into agreements with Reliant in 2012 pursuant to which Reliant agreed to provide certain services at the nursing homes, including physical, occupational, and speech therapy services, clinical management, and direction of the therapy program (the "Therapy Services Agreements").

17. In June 2013, the Therapy Services Agreements were amended to account for the mandatory reduction in Medicare Payments required by the Sequestration Order signed by President Obama on March 1, 2013.

18. As part of its obligations under the Therapy Services Agreements, Reliant was required to provide services to the Nursing Home's patients which comply with the terms of the Agreement, requirements of federal and state laws, and the conditions of participation and reimbursement coverage imposed by applicable government and third-party payors. Reliant was also obligated to provide and maintain written documentation, including appropriate services coding, on individual charts of patient treatment in accordance with the Nursing Home policies and procedures and also in accordance with the requirements of federal and state governmental agencies and third-party providers. Plaintiff was also required to ensure the availability to the Nursing Home Defendants of rehabilitation-related information, MDS assessment information, therapy minutes, and other records that are necessary to prepare and submit the services to Medicare or other third party payors.

19. Reliant failed to accurately document the services it provided, failed to accurately track the physician's orders, and failed to satisfy the billing requirements of Medicaid or other third party payors. As a result of Reliant's failure to fulfill its contractual obligations, the Nursing Home Defendants have incurred losses from Medicaid or other payors' audits and refusals to pay for the rehabilitation services provided by Reliant.

20. Medicaid has conducted audits of several of the Nursing Home Defendants; the audit by Medicaid of the CPlace Springhill nursing home has resulted in disputes involving more than $1 million of reimbursements to CPlace Springhill. The Nursing Home Defendants will continue to incur damages and costs in having to respond to audits by Medicaid and other payors as a direct and proximate result of Reliant's violations of its contractual obligations to document or provide the services properly.

21. Various disputes arose regarding the billing practices and performance of Reliant. As a result, the Nursing Home Defendants began to withhold funds. In order to induce the Nursing Home Defendants to release these funds and not terminate Plaintiff, the Therapy Services Agreements were modified and a Second Addendum was entered into effective as of May 6, 2015.

22. The Second Addendum provided that the Therapy Service Agreements could be terminated without cause and without penalty by either party upon thirty days' notice between August 1 and December 31, 2015. The Second Addendum also provided that upon termination, the noncompetition, non-solicitation, and non-recruitment provisions would not apply and that the Nursing Home Defendants could hire Reliant's therapy personal without restriction, payment, or obligation. It also provided that other than the Springhill Holdback, that the Nursing Home Defendants would release the funds being withheld and bring their account current.

23. The Nursing Home Defendants continued under the Agreements and released the funds. However, on August 27, 2015, they provided notice of termination of the Agreements to Defendant.

FIRST CAUSE OF ACTION
DECLARATORY JUDGMENT

24. Counterclaimants incorporate the allegations in the preceding paragraphs as if set forth herein.

25. There is an actual and substantial controversy regarding (i) the right to terminate the contracts between the Nursing Home Defendants and Reliant, (ii) the right to contract with other physical therapists, including the Rehab Department, (iii) the right to solicit and/or hire physical therapists who previously performed services at the nursing homes for Reliant; and (iv)

the right to continue holding the Springhill Holdback as that term is used in the 2015 Second Contract Addendum.

26. Pursuant to the provisions of Fed. R. Civ. P. 57 and 28 U.S.C. §2201, Counterclaimants request the Court to enter a declaratory judgment construing the rights of the parties under the Physical Therapy Contracts, including the 2015 Second Addendum. In particular, Counterclaimants request that the Court enter judgment declaring the respective rights of the parties as follows:

   a. The Nursing Home Defendants had the right to terminate the Agreements for any reason;

   b. The Nursing Home Defendants did not violate any obligation to Reliant by contracting with the Rehab Department to provide physical therapy services at the nursing homes;

   c. The Nursing Home Defendants are entitled to continue holding the Springhill Holdback;

   d. Reliant is obligated to pay any claims rejected by Medicare, Medicaid, or third party payors for services performed to Reliant.

27. Counterclaimants request that the Court award to them all of their attorneys' fees and other expenses incurred in enforcing its contractual rights and in obtaining this declaratory judgment.

## SECOND CAUSE OF ACTION
## BREACH OF CONTRACT

28. Counterclaimants incorporate the allegations in the preceding paragraphs as if set forth herein.

29. The Nursing Home Defendants each entered into a separate contract with Reliant (the "Therapy Services Agreements"). Included among Reliant's Duties and Obligations under the Therapy Services Agreements were to provide therapy services, clinical management, and to operate the therapy program utilizing what was represented to be a proprietary management system. Reliant was also obligated to provide services and billings in compliance with federal and state laws and to provide documentation necessary to enable the Nursing Home Defendants to bill governmental or third-party payors properly. The contracts also required specific information and timeliness of invoices being submitted.

30. Reliant breached its obligations by the failures identified above including failures to provide services or create and maintain records of its services in the manner required by governmental and third party payors and providers. As a result, payment of claims have been rejected in an amount in excess of $1 million.

31. The Nursing Home Defendants have been injured as a direct and proximate result of Defendant's breach of the Therapy Services Agreements.

32. The Nursing Home Defendants also have been required to retain the undersigned attorney to represent them in this matter and seek to recover all attorneys' fees and costs incurred in pursuing this claim.

### THIRD CAUSE OF ACTION
### INDEMNITY

33. Counterclaimants incorporate the allegations in the preceding paragraphs as if set forth herein.

34. Reliant agreed in the Therapy Services Agreements to indemnify the Nursing Home Defendants for any costs, expense, liabilities, and losses, including reasonable attorneys'

fees, that may arise as a consequence of any alleged malfeasance, neglect, or medical malpractice.

35. Reliant's neglect and malfeasance in maintaining records, performing and documenting its services, and in complying with appropriate billing requirements has caused the Nursing Home Defendants loss as a result of bills and services provided being rejected by government and third party payors.

FOURTH CAUSE OF ACTION
FRAUDULENT INDUCEMENT

36. Counterclaimants incorporate the allegations in the preceding paragraphs as if set forth herein.

37. In Spring 2015, after various disputes arose regarding the services provided by Reliant, improper billing and record keeping, and audit findings, Reliant was informed that the Nursing Home Defendants were withholding certain funds and intended to terminate the Therapy Services Agreements.  Reliant made representations to induce the Nursing Home Defendants to pay previously suspended charges, continue doing business with Reliant, and to enter into the 2015 Second Addendum to the Therapy Services Agreement.  Included among the representations by Reliant were that Reliant would provide services in compliance with federal law, would provide billing records in compliance with federal law and requirements of governmental and third party payors, that the Nursing Home Defendants could terminate the contracts for any reason and could continue to use the same physical therapist who were performing the services for Reliant without any obligation or liability to continue patient continuity, and that Reliant would be responsible for any charges rejected by Medicare, Medicaid, or any third party payor.

38. In reliance on these representations, the Nursing Home Defendants entered into the Second Addendum to the Therapy Services Agreement dated May 6, 2015, continued to rely upon Reliant to provide services, billings, and records that were in compliance with federal law, and released the funds being held to satisfy the disputed and rejected services.

39. Reliant knew at the time that its representations were false and that it could not or would not comply with its promises.

40. The Nursing Home Defendants reasonably relied upon these representations to its determent.

## JURY DEMAND

41. Counterclaimants demand a jury.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendants pray that the Court dismiss the Complaint without prejudice or transfer it to the Middle District of Florida where venue is proper over all Defendants, is more convenient, and more efficient, and that upon trial, that the Court enter judgment denying Reliant all relief and awarding The Nursing Home Defendants their costs of court and such other and further relief to which they may be entitled.

Counterclaimants further pray that Reliant be cited to appear herein and that a judgment be entered declaring:

    a. The Nursing Home Defendants did not violate any obligation to Reliant by soliciting, hiring, or encouraging the Rehab Department to hire physical therapists who previously provided services at the nursing homes for Reliant;

    b. The Nursing Home Defendants did not violate any obligation to Reliant Reliant by terminating the Agreements.

    c.   The Nursing Home Defendants are entitled to continue holding the Springhill Holdback; and

    d.   Reliant is obligated to pay any claims rejected by Medicare, Medicaid, or third party payors for services rendered to Reliant.

Counterclaimants further pray that upon final trial, a judgment be entered that Reliant pay to Counterclaimants their actual damages, attorneys' fees, costs of court, pre-and post-judgment interest, and such other and further relief to which they show themselves to be justly entitled.

    Respectfully submitted,

    __/s/ Blake A. Bailey_____
    Blake A. Bailey
    State Bar No. 01514700
    Christopher R. Jones
    State Bar No. 24070018
    Phelps Dunbar, LLP
    115 Grand Avenue, Suite 222
    Southlake, Texas 76092
    (817) 488-3134 – Tel.
    (817) 488-3214 – Fax.
    Email:  blake.bailey@phelps.com
            chris.jones@phelps.com

    ATTORNEYS FOR DEFENDANTS

## CERTIFICATE OF SERVICE

This is to certify that on this 16th day of May, 2016, I electronically submitted the foregoing document with the clerk of court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the Court.  I hereby certify that I have served all counsel of record electronically in accordance with the Federal Rules of Civil Procedure 5(b)(2).

    __/s/ Blake A. Bailey_____
    Blake A. Bailey