UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

RELIANT PRO REHAB, LLC.,

    Plaintiff,

v.                                CASE NO. 8:16-CV-03287-MSS-MAP

BENJAMIN ATKINS, ET AL.,

    Defendants.
_____/

### DEFENDANTS, BENJAMIN ATKINS, REMKO VAN DER VOORDT, THE REHAB DEPARTMENT, LLC, TRADITIONS SENIOR MANAGEMENT, INC., AND LA MANAGEMENT HOLDINGS, LLC'S MOTION TO DISMISS AND MEMORANANDUM OF LAW

Defendants, Benjamin Atkins, Remko Van Der Voordt, The Rehab Department, LLC, Traditions Senior Management, Inc., and La Management Holdings, LLC (collectively the "Non-Nursing Home Defendants"), pursuant to Rule 9(b) and Rule 12(b)(6) of the Federal Rules of Civil Procedure, move to dismiss Plaintiff's Complaint against them on the grounds set forth herein.

### Introduction

On April 4, 2016, Plaintiff filed a five count Complaint against 17 defendants for breach of contract, quantum meruit, fraudulent inducement, common-law fraud, and tortious interference with contractual relations (Doc.1). Each count seeks relief against all 17 Defendants. Each count incorporates each and every prior allegation. Each count is devoid of facts necessary to state a claim for relief against the Non-Nursing Home Defendants.

1

Defendants Botetourt Health Care LLC, Chesapeake Rehab & Care Center LLC, Essex Rehab & Care Center LLC, Birdmont Health Care LLC, Cplace University SNF LLC, Cplace Timberwood SNF LLC, Cplace Springhill SNF LLC, Cplace Colonial RC LLC, Cplace Forest Park SNF LLC, Cplace Unity SNF LLC, and Cplace Baton Rouge SNF LLC (collectively, "the Nursing Home Defendants") filed their Answer, Affirmative Defenses, and Counterclaim on May 16, 2016 (Doc.5). The Non-Nursing Home Defendants filed an Unopposed Motion for Extension of Time to File Responsive Pleading to the Complaint on December 8, 2016 (Doc. 37). This Court entered an Order Granting the Motion and extended the time for the Non-Nursing Home Defendants to respond through January 3, 2017(Doc. 39).

By this motion, the Non-Nursing Home Defendants request this Court dismiss each count against them for failure to state a claim upon which relief can be granted. In considering such a motion, the Court must accept all factual allegations in a complaint as true and take them in the light most favorable to the plaintiff. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). To withstand a motion to dismiss, however, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The United States Supreme Court explains that:

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)(internal citations omitted).

Conclusory allegations, unwarranted deductions of facts, or legal conclusions masquerading as facts will not prevent dismissal. *Oxford Asset Management, Ltd. v. Jaharis*, 297 F.3d 1182 (11th Cir. 2002). Courts are not "bound to accept as true a legal

conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986). Further, if no relief is available as a matter of law, a dismissal is warranted. See, e.g., *Powers v. Lazy Days RV Center, Inc.*, 2006 WL 373011, *2-3 (M.D. Fla. February, 6 2006).

Count I for Breach of Contract Should be Dismissed for
Failure to State a Claim Upon Which Relief Can be Granted

Count I for Breach of Contract should be dismissed because the Non-Nursing Home Defendants are not parties to the contracts referenced therein.[1] As a general rule, non-parties to a contract, such as the Non- Nursing Home Defendants, can neither sue nor be sued for breach of a contract to which they were not parties. *Biscayne Inv. Grp., Ltd. v. Guarantee Management Servs., Inc.*, 903 So. 2d 251, 255 (Fla. 3d DCA 2005); *Morgan Stanley DW, Inc. v. Halliday*, 873 So. 2d 400, 403 (Fla. 4th DCA 2004). Even if Plaintiff were to contend that the Non-Nursing Home Defendants were contract beneficiaries, which it does not, this still would not state a claim for which relief can be granted. *Solnes v. Wallis & Wallis, P.A.*, 2013 WL 3771341 (S.D. Fla. July 18, 2013) (holding that a breach of contract action makes no provision for a third-party beneficiary to be sued for breach of contract; allowing for such a cause of action would transgress principles of contract law).

As with each count of Plaintiff's complaint, Plaintiff "lumps" all Defendants into the breach of contract count. This count is devoid of any statement concerning any contractual duty or breach by <u>any</u> of the Non-Nursing Home Defendants. Of course, there are none as they are not parties to contracts with Plaintiff.

---

[1] In its Memorandum Opinion and Order of November 28, 2016), Chief Judge of the US District Court of the Northern District of Texas, Barbara M.G. Lynn, found from the record that "Plaintiff admits that the Non-Nursing Home Defendants are not signatories to the Agreements." (Doc. 29 at 6, Page ID 573).

Count I states:

> "In 2012, Reliant entered into contracts with "Defendants" to provide services. The contracts have been amended twice." (Doc. 1, paragraphs 22).
> "Defendants fail[ed] to pay Plaintiff for services rendered." (Doc. 1, paragraph 26).

These contracts are not attached to Plaintiff's Complaint (Doc.1). However, Therapy Services Agreements and addenda were filed by Plaintiff on June 6, 2016 (Doc. 14-1 through Doc. 14-12). <u>The sole parties to these Therapy Services Agreements are the parties defined as "Reliant Rehabilitation" and "Customer."</u> Benjamin Atkins, Remko Van Der Voordt, The Rehab Department, LLC, Traditions Senior Management, Inc., and La Management Holdings, LLC are not nursing home facilities and are not defined as "Customer."

"Customer" is specifically defined in the introductory paragraphs and restated in the signature line of each Therapy Services Agreement. The following nursing home facilities are described in each Therapy Services Agreement as "Customer" respectively:

a. Botetourt Health Care LLC (Doc. 14-1, Page ID 163 and 176)
b. Chesapeake Rehab & Care Center LLC (Doc. 14-2, Page ID 179 and 192)
c. Essex Rehab & Care Center LLC (Doc.14-3, Page ID 194 and 207)
d. Birdmont Health Care LLC (Doc. 14-4, Page ID 209 and 222)
e. Cplace University SNF LLC d/b/a Affinity Nursing and Rehab Center (Doc. 14-5, Page ID 224 and 238)
f. Cplace Timberwood SNF LLC (Doc. 14-6, Page ID 240 and 253)
g. Cplace Springhill SNF LLC (Doc. 14-7, Page ID 255 and 269)
h. Cplace Colonial RC LLC (Doc. 14-8, Page ID 271 and 284)
i. Cplace Forest Park SNF LLC (Doc. 14-9, Page ID 285 and 299)
j. Cplace Unity SNF LLC (Doc. 14-10, Page ID 301 and 315)
k. Cplace Baton Rouge SNF LLC (Doc. 14-11, Page ID 317 and 331)

Similarly, "Customer" is defined in the 2015 Second Addendum to Therapy Services Agreements as the "Facilities" listed on Schedule B within the Second Addendum. The

4

"Facilities" that are listed include the 11 nursing home facilities above. The signature page of the Second Addendum clearly indicates that Traditions Senior Management, Inc. and La Management Holdings, LLC signed "ON BEHALF OF CUSTOMER." Of course, this means exactly what it says—Traditions and LA Management signed for the Customer (not themselves) as Plaintiff admits.[2]

There is no contract that defines any of the Non-Nursing Home Defendants as "Customer." Benjamin Atkins, Remko Van Der Voordt, The Rehab Department, LLC, Traditions Senior Management, Inc., and La Management Holdings, LLC are not nursing home facilities and are not defined as "Customer." As such, they are not parties to these contracts.

Further, there is no allegation that reflects that the Non-Nursing Home Defendants have a duty to pay for services rendered by the Plaintiff. Pursuant to paragraph 4(a) of each of the Therapy Service Agreements, Reliant Rehabilitation shall be paid by "Customer" for services rendered (Doc. 14-1, Page ID 165; Doc. 14-2 Page ID 181; Doc. 14-3, Page ID 196; Doc. 14-4, Page ID 211; Doc. 14-5, Page ID 226; Doc.14-6, Page ID 242; Doc.14-7, Page ID 257; Doc.14-8, Page ID 273; Doc.14-9, Page ID 287; Doc.14-10, Page ID 303; Doc.14-11, Page ID 319). There is no provision in any contract identified by Plaintiff that would suggest that Benjamin Atkins, Remko Van Der Voordt, The Rehab Department, LLC, Traditions Senior Management, Inc., or La Management

---

[2] In the Memorandum Opinion and Order of November 28, 2016, Chief Judge of the US District Court of the Northern District of Texas, Barbara M.G. Lynn, found from the record that "Plaintiff admits that the Non-Nursing Home Defendants are not signatories to the Agreements." (Doc. 29 at 6, Page ID 573) The court also found from the record: (a) that the 2015 Amendment states it was made 'between Reliant Pro Rehab, LLC … and the Facilities, in each case listed below on Schedule B, collectively referred to herein as ('Customer'); (b) Schedule B lists the facilities bound by the terms of the 2015 Amendment and includes the eleven Nursing Home Defendants; (c) the signature page indicates that it was signed "ON BEHALF OF CUSTOMER" by Traditions and LA Management; and (d) Atkins signed for both entities.[internal citations omitted]. (Doc. 29 at 3 and 4, Page ID 570, 571)

5

Holdings, LLC have an independent contractual duty to pay for services rendered to the nursing home facilities.

When ruling on a motion to dismiss, the Court may consider not only the complaint and its exhibits, but also "documents incorporated into the complaint by reference." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308 (2007); *Horsley v. Feldt*, 304 F.3d 1125, 1134 (11th Cir. 2002). When a document attached to a pleading or incorporated by reference contradicts the claims or allegations made by a party, the document controls. *Crenshaw v. Lister*, 556 F.3d 1283, 1292 (11th Cir. 2009); *Griffin Industries, Inc. v. Irvin*, 496 F.3d 1189, 1205-06 (11th Cir. 2007) ("when exhibits contradict the general and conclusory allegations of the pleading, the exhibits govern"). "While normally on a motion to dismiss the Court must accept the facts alleged in a complaint as true, if an allegation in the complaint is contradicted by a document incorporated by reference therein and which reveals facts foreclosing recovery as a matter of law, dismissal is appropriate." *CC-Aventura, Inc. v. Weitz Co., LLC*, 2006 WL 3499113, at *3 (S.D. Fla. Dec. 4, 2006). Count I should be dismissed as to the Non-Nursing Home Defendants because they are not parties to the contracts referenced by Plaintiff.

## Count II for Quantum Meruit Should be Dismissed for Failure to State a Claim Upon Which Relief Can be Granted

Count II for Quantum Meruit should be dismissed as to Benjamin Atkins, Remko Van Der Voordt, The Rehab Department, LLC, Traditions Senior Management, Inc., and La Management Holdings, LLC because they are not recipients of Plaintiff's services and have not benefitted thereby. Once again, Plaintiff "lumps" the Non-Nursing Home Defendants with the Nursing Home Defendants and alleges in one sweep "Plaintiff

provided valuable services to Defendants" (Doc. 1 paragraph 28). The services are described in paragraph 21 of the Complaint:

> Plaintiff provides rehabilitation management services to acute-care hospitals, skilled-nursing facilities, subacute facilities, long-term acute-care hospitals, rehabilitation hospitals, and continuing-care retirement communities. (Doc. 1, paragraph 21)

Benjamin Atkins, Remko Van Der Voordt, The Rehab Department, LLC, Traditions Senior Management, Inc, and La Management Holdings, LLC are not acute-care hospitals, skilled-nursing facilities, subacute facilities, long-term acute-care hospitals, rehabilitation hospitals, or continuing-care retirement communities. They did not and could not receive Plaintiff's services.

By the face of the Therapy Services Agreements, Reliant Rehabilitation provides services to its "Customer" at the location of the particular facility, not to the Non-Nursing Home Defendants (Doc. 14-1, Page ID 163; Doc. 14-2 Page ID 179; Doc. 14-3, Page ID 194; Doc. 14-4, Page ID 209; Doc. 14-5, Page ID 224; Doc.14-6, Page ID 240; Doc.14-7, Page ID 255; Doc.14-8, Page ID 271; Doc.14-9, Page ID 285; Doc.14-10, Page ID 301; Doc.14-11, Page ID 317).

To adequately state a claim for quantum meruit, a plaintiff must allege facts that show that the plaintiff provided, and the defendant assented to and received, a benefit in the form of goods or services under circumstances where, in the ordinary course of common events, a reasonable person receiving such a benefit normally would expect to pay for it. *IDEARC Media LLC v. The Hamilton Group Management Co., Inc.*, 2010 WL 76975, (M.D. Fla. January 7, 2010) (citing *W.R. Townsend Contracting, Inc. v. Jensen Civil Construction, Inc.*, 728 So.2d 297, 305 (Fla. 1st DCA 1999)). It is not alleged or plausible that the Non-Nursing Home Defendants would expect or be expected to pay for

services rendered to the Nursing Home Defendants at their facilities. The Nursing Home Defendants are the "Customers" under the Therapy Services Agreements who contracted to receive services and provide payment consistent therewith. It is plain that the Non-Nursing Home Defendants did not receive a benefit from Plaintiff that would require payment by them to Plaintiff. Of particular note, the US District Court of the Northern District of Texas found that Plaintiff had not provided any indication of a direct benefit of the contracts to the Non-Nursing Home Defendants while making its determination that it lacked jurisdiction over the Non-Nursing Home Defendants.[3] Based on the foregoing, Count II should be dismissed as to the Non-Nursing Home Defendants.

<u>Count III for Fraud in the Inducement and Count IV for Common-Law Fraud
Should be Dismissed for Failure to State Claims Upon Which Relief Can be Granted</u>

Plaintiff's fraud claims fail to set forth any cause of action, let alone with the requisite particularity; as such, they should be dismissed.

To adequately plead a fraudulent inducement claim, Plaintiff must establish the following elements: 1) a false statement regarding a material fact; 2) the person making the statement knew or should have known that the representation was false; 3) intent by the person making the statement to induce action or reliance; and, 4) injury suffered because of justifiable reliance on the representation. *Biscayne Inv. Group, Ltd. v. Guar. Mgmt.Servs., Inc.*, 903 So. 2d 251, 255 (Fla. 3d DCA 2005).

A pleading that contains allegations of fraud is subject to a heightened pleading requirement. *Johnson v. Amerus Life Ins. Co.*, No. 05–61363, 2006 WL 3826774, at *4 (S.D. Fla. Dec. 27, 2006); *Morgan v. W.R. Grace & Co.--Conn.*, 779 So. 2d 503, 506

---

[3] In the Memorandum Opinion and Order of November 28, 2016, Chief Judge of the US District Court of the Northern District of Texas, Barbara M.G. Lynn found that "Plaintiff has neither argued that this form of estoppel [direct benefits estoppel] applies, nor provided an indication of any direct benefit that Traditions, LA Management, and Atkins received under the Agreements (Doc. 29, page 10, Page ID 577).

8

(Fla. 2d DCA 2000) (dismissing negligent misrepresentation claim, in part, for failing to plead the claim with specificity); *Clausen v. Lab. Corp. of Am., Inc.,* 290 F.3d 1301, 1305 (11th Cir. 2002). Specifically and pursuant to Rule 9, Federal Rules of Civil Procedure, a Plaintiff is required to state with particularity the circumstances constituting fraud.

As explained in *Ziemba v. Cascade Int'l, Inc.,* 256 F.3d 1194, 1202 (11th Cir. 2001), Rule 9(b) is satisfied only if the complaint sets forth:

> (1) precisely what statements were made in what documents or oral representations or what omissions were made,
> (2) the time and place of each such statement and the person responsible for making (or, in the case of omissions, not making) [the] same,
> (3) the content of such statements and the manner in which they misled the plaintiff, and
> (4) what the defendants obtained as a consequence of the fraud.

Plaintiff's Complaint is devoid of any purported false statement of material fact made by Benjamin Atkins, Remko Van Der Voordt, The Rehab Department, LLC, Traditions Senior Management, Inc. or La Management Holdings, LLC (Doc. 1). For this reason alone, Counts III and IV should be dismissed.

Moreover, the language of Counts III and IV reflect Plaintiff's attempt to disguise a breach of contract claim as fraud and punitive damage claims. For example, Plaintiff alleges:

> "Defendant Benjamin Atkins, on behalf of Defendants, negotiated and entered into a second amendment to its contracts with Defendants" (Doc. 1, paragraph 29);

> "Defendants breached these amended contracts, and they had no intention of performing them at the time they entered into them (Doc. 1, paragraph 30); and

> "By making contractual promises that it had no intention of performing when they made them, Defendants made false promises of future performance" (Doc. 1, paragraph 32).

Generally under Florida law, a promise not performed does not equate to a misrepresentation of a material fact, and thus cannot support a misrepresentation claim. *Biscayne Inv. Group, Ltd.* at 255 (Fla. 3d DCA 2005) ("[T]he plaintiffs made no specific allegations of misrepresentation of material facts. At most, the plaintiffs alleged a mere promise not performed, which, by itself, cannot form the predicate for actionable fraud"). An action for fraud generally may not be predicated on statements of opinion or promises of future action, but rather must be based on a statement concerning a past or existing fact. *Maunsell v. American Gen. Life & Accident Ins. Co.*, 707 So. 2d 916 (Fla. 3d DCA 1998).

At most, Counts III and IV allege a promise not performed rather than a claim based on any false statement of material fact. Therefore, these counts should be dismissed.

<u>Count V for Tortious Interference with Contractual Relations Should be Dismissed for Failure to State a Claim Upon Which Relief Can be Granted</u>

Yet again, Plaintiff "lumps" all 17 Defendants in this count seeking damages and punitive damages. This Count should also be dismissed because Plaintiff fails to state a viable claim for tortious interference with contractual relations.

Under Florida law, the elements of tortious interference with a contractual relationship are: 1) the existence of a contract; 2) Defendant's knowledge of the contract; 3) Defendant's intentional procurement of the contract's breach; 4) absence of any justification or privilege; and 5) damages resulting from the breach. *Johnson Enterprises of Jacksonville, Inc. v. FPL Group, Inc.*, 162 F.3d 1290, 1321 (11th Cir.1998). By the face of the Complaint, the Plaintiff has completely failed to allege any of these elements as to any of the Non-Nursing Home Defendants. Regardless, the Plaintiff cannot allege a

10

tortious interference claim as a matter of law based upon the allegations it pled and the contracts it referenced in the Complaint.

For starters, the Plaintiff cannot allege any Defendant's intentional inducement or procurement of a contracts breach or absence of any privilege. In *Chiquita Intern. Ltd. v. Fresh Del Monte Produce*, 749 So.2d 578 (2000), Chiquita brought a claim for tortious interference against Del Monte. The appellate court affirmed the trial court's determination that Chiquita's claim was insufficient as a matter of law because Chiquita failed to allege that Del Monte's subsequent agreement with its supplier directly induced the supplier to breach its previous contract with Chiquita. The same circumstances exist here with respect to The Rehab Department, LLC and Remko van der Voordt. The instant Plaintiff has not alleged and cannot truthfully allege that the The Rehab Department, LLC and/or Remko van der Voordt directly induced the Nursing Home Defendants or any agent thereof to breach their contracts with the Plaintiff. In fact, the instant Plaintiff's current allegations belie any type of inducement. For example, the Plaintiff states Defendants "hired" Remko van der Voordt, the principal of The Rehab Department, LLC to conduct the audit. (Doc. 1, paragraph 35).

For the interference to be unjustified, the interfering defendant must be a third-party, a stranger to the business relationship. *Seminole Transportation Specialists, Inc. v. PDM Bridge, LLC* 2009 WL 382273 (M.D. Fla. 2009); *Abruzzo v. Haller*, 603 So. 2d 1338, (Fla. 1st DCA 1992); *West v. Troelstrup*, 367 So.2d 253 (Fla. 1st DCA 1979). The Plaintiff fails to allege, and in truth cannot allege, that any of the Non-Nursing Home Defendants are strangers to the business relationship. Such is required in a cause of action for tortious interference. In order to maintain an action for tortious interference with a

11

contract, a plaintiff must prove that a third party interfered with a contract by 'influencing, inducing or coercing one of the parties ... to breach the contract, thereby causing injury to the other party.' An agent of a corporate party to a contract, acting within his capacity and scope as an agent, cannot be considered a separate entity outside of the contractual relationship which can tortiously interfere with that relationship. *Cedar Hill Properties, Corp. v. Eastern Federal, Corp.*, 575 So. 2d 673, 676 (Fla. 1st DCA 1991) (quoting *West v. Troelstrup*, 367 So. 2d 253, 255 (Fla. 1st DCA 1979)).

By the allegations in Plaintiff's Complaint, Remko van der Voordt and The Rehab Department, LLC are not strangers to the contractual relationships. As Plaintiff even alleges: Remko van der Voordt is a "former principal of Defendants;" The Rehab Department, LLC was "created with Defendants knowledge;" and Defendants "hired" Remko van der Voordt, the principal of The Rehab Department, LLC to conduct the audit. (Doc. 1, paragraphs 34 and 35).

By the face of the contracts and particularly the 2015 Second Addendum, Traditions Senior Management, Inc, and La Management Holdings, LLC are also not strangers to the contracts; they are undisputedly agents of the nursing home entities because they executed the Second Addendum "ON BEHALF OF CUSTOMER." Likewise, Benjamin Atkins is undisputedly an agent of Traditions Senior Management, Inc. and La Management Holdings, LLC as indicated by his signature for such entities on the 2015 Second Addendum. (Doc. 14-12, Page ID 336).

Each of the Non-Nursing Home Defendants is an agent of a corporate party, acting within his/its capacity and scope as an agent, and cannot be considered a separate entity outside of the contractual relationship which can tortiously interfere with that

relationship. As such, Count V should be dismissed as to each of the Non-Nursing Home Defendants.

## Conclusion

The Defendants, Benjamin Atkins, Remko Van Der Voordt, The Rehab Department, LLC, Traditions Senior Management, Inc., and La Management Holdings, LLC respectfully request this Court dismiss Counts I-V as to each of them and award reimbursement for all reasonable and necessary attorney's fees and costs.

Respectfully submitted,

/s/Shirin M. Vesely
SHIRIN M. VESELY, ESQ.
Trial Counsel
FBN: 021156
Email: svesely@krvglaw.com
Keane, Reese, Vesely & Gerdes, P.A.
Post Office Box 57
St. Petersburg, FL 33731-0057
(727) 823-5000/ FAX (727) 894-1023
Attorney for Defendants
Secondary email: efiling@krvglaw.com

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on January 3, 2017, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to the following:

Keith T. Appleby, Esq.
501 E. Kennedy Blvd. Ste. 1700
Tampa, FL 33602
kappleby@bankerlopez
service-kappleby@bankerlopez.com

Philip A. Martin, Esq. Fultz Maddox Dickens PLC
101 South Fifth St., 27th Floor
Louisville, KY 40202
pmartin@fmdlegal.com

/s/Shirin M. Vesely
SHIRIN M. VESELY, ESQ.