UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| RELIANT PRO REHAB, LLC )<br><br>PLAINTIFF )<br><br>v. )<br><br>BENJAMIN ATKINS; REMKO VAN DER )<br>VOORDT; THE REHAB DEPARTMENT, )<br>LLC; TRADITIONS SENIOR )<br>MANAGEMENT, INC.; LA )<br>MANAGEMENT HOLDINGS, LLC; )<br>BOTETOURT HEALTH CARE, LLC; )<br>CHESAPEAKE REHABILITATION )<br>& CARE CENTER, LLC; ESSEX REHAB )<br>& CARE CENTER, LLC; BIRDMONT )<br>HEALTH CARE, LLC; CPLACE )<br>UNIVERSITY SNF, LLC; CPLACE )<br>TIMBERWOOD SNF, LLC; CPLACE )<br>SPRINGHILL SNF, LLC; CPLACE )<br>COLONIAL RC, LLC; CPLACE FOREST )<br>PARK SNF, LLC; CPLACE UNITY SNF, )<br>LLC and CPLACE BATON ROUGE )<br>SNF, LLC )<br><br>DEFENDANTS )<br> ) | JURY TRIAL DEMANDED<br><br>CIVIL ACTION NO. 8:16-cv-03287-MSS-MAP |

---

### FIRST AMENDED COMPLAINT

---

Plaintiff, Reliant Pro Rehab, LLC, states as follows for its First Amended Complaint against

Defendants, Benjamin Atkins, Remko van der Voordt, Traditions Senior Management, Inc., LA

Management Holdings, LLC, Botetourt Health Care, LLC, Chesapeake Rehabilitation & Care

Center, LLC, Essex Rehab & Care Center, LLC, Birdmont Health Care, LLC, CPlace University

SNF, LLC, CPlace Timberwood SNF, LLC, CPlace Springhill SNF, LLC, CPlace Colonial RC, LLC

CPlace Forest Park SNF, LLC, CPlace Unity SNF, LLC, and CPlace Baton Rouge SNF, LLC:



EXHIBIT
"1"

**PARTIES**

1.      Reliant Pro Rehab, LLC ("Reliant") is a Delaware limited liability company.   Its principal place of business is in Texas.   Its sole equity member is Reliant Rehabilitation Holdings, Inc., which is a Delaware corporation with a principal place of business in Texas.

2.      Benjamin Atkins is an individual who resides in Florida.   Mr. Atkins has entered an appearance in this matter through his attorney of record, Shirin M. Vesely, who will receive notice of this First Amended Complaint via the Court's CM/ECF system.

3.      Remko van der Voordt is an individual who resides in Florida.   Mr. van der Voordt has entered an appearance in this matter through his attorney of record, Shirin M. Vesely, who will receive notice of this First Amended Complaint via the Court's CM/ECF system.

4.      The Rehab Department, LLC ("Rehab Department") is a Wyoming limited liability company with its principal place of business in Florida.   Upon information and belief, its equity member is an individual who resides in Florida.   Rehab Department has entered an appearance in this matter through its attorney of record, Shirin M. Vesely, who will receive notice of this First Amended Complaint via the Court's CM/ECF system.

5.      Traditions Senior Management, Inc. ("Traditions") is a Nevada corporation with its principal place of business in Florida.   Traditions has entered an appearance in this matter through its attorney of record, Shirin M. Vesely, who will receive notice of this First Amended Complaint via the Court's CM/ECF system.

6.      LA Management Holdings, LLC ("LA Management") is a Florida limited liability company with its principal place of business in Florida.   Upon information and belief, LA Management is owned by West Coast Commonwealth Partners, LLC which is owned by LTC Diversified California Holdings, LLC.   Upon information and belief, the equity member of LTC Diversified California Holdings, LLC is an individual who resides in Florida.   LA Management has

2

entered an appearance in this matter through its attorney of record, Shirin M. Vesely, who will receive notice of this First Amended Complaint via the Court's CM/ECF system.

7.      Botetourt Health Care, LLC d/b/a Carrington Place at Botetourt Commons ("Botetourt") is a Virginia limited liability company with a principal place of business in Florida. Upon information and belief, Botetourt is owned by West Coast Commonwealth Partners, LLC which is owned by LTC Diversified California Holdings, LLC. Upon information and belief, the equity member of LTC Diversified California Holdings, LLC is an individual who resides in Florida. Botetourt has entered an appearance in this matter through its attorney of record, Shirin M. Vesely, who will receive notice of this First Amended Complaint via the Court's CM/ECF system.

8.      Chesapeake Rehabilitation & Care Center, LLC d/b/a Carrington Place of Chesapeake ("Chesapeake") is a Virginia limited liability company with a principal place of business in Florida. Upon information and belief, Chesapeake is owned by Creative Care Resources, LLC, Careen, LLC, and West Coast Commonwealth Partners, LLC. The latter entity is owned by LTC Diversified California Holdings, LLC. Upon information and belief, the equity member of LTC Diversified California Holdings, LLC, Creative Care Resources, LLC, and Careen, LLC is an individual who resides in Florida. Chesapeake has entered an appearance in this matter through its attorney of record, Shirin M. Vesely, who will receive notice of this First Amended Complaint via the Court's CM/ECF system.

9.      Essex Rehab and Care Center, LLC d/b/a Carrington Place of Tappahannock ("Essex") is a Virginia limited liability company with a principal place of business in Florida. Upon information and belief, the equity member of Essex is Mr. Atkins, who resides in Florida. Essex has entered an appearance in this matter through its attorney of record, Shirin M. Vesely, who will receive notice of this First Amended Complaint via the Court's CM/ECF system.

10.     Birdmont Health Care, LLC d/b/a Carrington Place at Wytheville ("Birdmont") is a Virginia limited liability company with its principal place of business in Florida.  Upon information and belief, Birdmont is owned by West Coast Commonwealth Partners, LLC which is owned by LTC Diversified California Holdings, LLC.  Upon information and belief, the equity member of LTC Diversified California Holdings, LLC is an individual who resides in Florida.  Birdmont has entered an appearance in this matter through its attorney of record, Shirin M. Vesely, who will receive notice of this First Amended Complaint via the Court's CM/ECF system.

11.     CPlace University SNF, LLC d/b/a Affinity Nursing and Rehab Center ("University") is a Louisiana limited liability company with a principal place of business in Louisiana. Upon information and belief, University is owned by West Coast Commonwealth Partners, LLC which is owned by LTC Diversified California Holdings, LLC.  Upon information and belief, the equity member of LTC Diversified California Holdings, LLC is an individual who resides in Florida. University has entered an appearance in this matter through its attorney of record, Shirin M. Vesely, who will receive notice of this First Amended Complaint via the Court's CM/ECF system.

12.     CPlace Timberwood SNF, LLC d/b/a Carrington Place of New Orleans ("Timberwood") is a Louisiana limited liability company with a principal place of business in Louisiana.  Upon information and belief, Timberwood is owned by West Coast Commonwealth Partners, LLC which is owned by LTC Diversified California Holdings, LLC.  Upon information and belief, the equity member of LTC Diversified California Holdings, LLC is an individual who resides in Florida.  Timberwood has entered an appearance in this matter through its attorney of record, Shirin M. Vesely, who will receive notice of this First Amended Complaint via the Court's CM/ECF system.

13.     CPlace Springhill SNF, LLC d/b/a Carrington Place of Springhill ("Springhill") is a Louisiana limited liability company with a principal place of business in Louisiana.    Upon

4

information and belief, Springhill is owned by West Coast Commonwealth Partners, LLC which is owned by LTC Diversified California Holdings, LLC. Upon information and belief, the equity member of LTC Diversified California Holdings, LLC is an individual who resides in Florida. Springhill has entered an appearance in this matter through its attorney of record, Shirin M. Vesely, who will receive notice of this First Amended Complaint via the Court's CM/ECF system.

14.     CPlace Colonial RC, LLC d/b/a Colonial Care Retirement Center ("Colonial") is a Louisiana limited liability company with a principal place of business in Louisiana. Upon information and belief, Colonial is owned by West Coast Commonwealth Partners, LLC which is owned by LTC Diversified California Holdings, LLC. Upon information and belief, the equity member of LTC Diversified California Holdings, LLC is an individual who resides in Florida. Colonial has entered an appearance in this matter through its attorney of record, Shirin M. Vesely, who will receive notice of this First Amended Complaint via the Court's CM/ECF system.

15.     CPlace Forest Park SNF, LLC d/b/a Nottingham Regional Rehab Center ("Forest Park") is a Louisiana limited liability company with a principal place of business in Louisiana. Upon information and belief, Forest Park is owned by West Coast Commonwealth Partners, LLC which is owned by LTC Diversified California Holdings, LLC. Upon information and belief, the equity member of LTC Diversified California Holdings, LLC is an individual who resides in Florida. Forest Park has entered an appearance in this matter through its attorney of record, Shirin M. Vesely, who will receive notice of this First Amended Complaint via the Court's CM/ECF system.

16.     CPlace Unity SNF, LLC d/b/a Unity Nursing and Rehab Center ("Unity") is a Louisiana limited liability company with a principal place of business in Louisiana. Upon information and belief, Unity is owned by West Coast Commonwealth Partners, LLC which is owned by LTC Diversified California Holdings, LLC. Upon information and belief, the equity member of LTC Diversified California Holdings, LLC is an individual who resides in Florida. Unity

has entered an appearance in this matter through its attorney of record, Shirin M. Vesely, who will receive notice of this First Amended Complaint via the Court's CM/ECF system.

17.     CPlace Baton Rouge SNF, LLC d/b/a Carrington Place of Baton Rouge ("Baton Rouge") is a Louisiana limited liability company with a principal place of business in Louisiana. Upon information and belief, Baton Rouge is owned by West Coast Commonwealth Partners, LLC which is owned by LTC Diversified California Holdings, LLC. Upon information and belief, the equity member of LTC Diversified California Holdings, LLC is an individual who resides in Florida. Baton Rouge has entered an appearance in this matter through its attorney of record, Shirin M. Vesely, who will receive notice of this First Amended Complaint via the Court's CM/ECF system.

### JURISDICTION AND VENUE

18.     This Court has personal jurisdiction over Defendants because they transact business in Florida and invoked the jurisdiction of this Court with their motion to transfer.

19.     This Court has subject-matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 in that there is complete diversity of citizenship of the parties and the amount in controversy collectively exceeds $75,000, exclusive of interests and costs.

20.     Venue is proper in this Court because a substantial part of the events and omissions giving rise to Reliant's claims occurred in this district and division and because Defendants are subject to personal jurisdiction in this district. Moreover, Defendants sought transfer to this venue.

### FACTUAL BACKGROUND

21.     Reliant provides rehabilitation management services to acute-care hospitals, skilled nursing facilities, subacute facilities, long-term acute-care hospitals, rehabilitation hospitals, and continuing care retirement communities. These services include professional staffing in various medical environments.

22.     In or around 2012, Reliant entered into contracts with Botetourt, Chesapeake, Essex, Birdmont, University, Timberwood, Springhill, Colonial, Forest Park, Unity, and Baton Rouge (collectively, the "Facility Defendants"), as amended from time to time, to provide services to Facility Defendants (the "Agreements").

23.     Reliant performed all obligations required of it under the Agreements, as modified from time to time, submitted monthly invoices, and otherwise satisfied all conditions precedent to payment.

24.     Pursuant to the Agreements and Reliant's performance thereunder, Facility Defendants are obligated to pay for the services provided by Reliant.  Moreover, under the Agreements, the Facility Defendants agreed not to directly or indirectly recruit or solicit Reliant's therapy personnel.

25.     Despite repeated demands for the sums due and owing under the Agreements, Facility Defendants have failed and refused to pay for services provided by Reliant.  The outstanding balance is accruing interest pursuant to the terms of the Agreements.

26.     Reliant conferred with Defendants numerous times regarding the outstanding invoices for services provided and amounts past due and made repeated demands for payment.

27.     During conferences between Reliant and Defendants, Defendants represented to Reliant that the outstanding invoices would be paid and requested that Reliant continue to provide services.

28.     Despite Reliant's billing, repeated demands for the sums due and owing, and conferences regarding amounts outstanding, Defendants have failed to pay for services provided by Reliant.

29.     In or around May 2015, Reliant and Atkins, on behalf of Defendants, negotiated an additional amendment to the Agreements (the "Second Amendment").  The Second Amendment

was signed by Traditions and LA Management on behalf of the Facility Defendants.  Among other things, the Second Amended addressed the parties' right to terminate the Agreements and amended the noncompetition, non-solicitation and recruitment provisions contingent upon payment of all amounts due from Defendants by a date certain.  Moreover, the parties agreed to address certain disputes related to Medicare reimbursement at the Springhill location.

30.     Facility Defendants did not timely pay the amounts due pursuant to the Second Amendment and/or the Agreements, and thus Reliant is entitled to damages for the improper recruitment and solicitation of its therapy personnel.

31.     Defendants entered into the Agreements and Second Amendment with Reliant or induced Reliant to continue to provide services with no intention of paying outstanding invoices or otherwise performing as required under the Agreements.

32.     Specifically, following the May 2015 discussions and amendments, Facility Defendants immediately stopped paying Reliant's invoices and began directly or indirectly recruiting Reliant's employees to develop their own in-house therapy services in direct competition with Reliant.

33.     Mr. Atkins, on behalf of Defendants, in order to address the Medicare dispute referenced in the Second Amendment, agreed to a joint audit between Reliant and the Facility Defendants to be carried out by an independent auditor.  The audit was scheduled for August 26, 2015.

34.     Mr. van der Voordt, a former principal of the other Defendants, filed documents for Rehab Department with the Wyoming Secretary of State.

35.     The other Defendants knew that Mr. van der Voordt had created Rehab Department and assisted him with its formation by providing the assistance of Traditions' in-house counsel.

36.     Unbeknownst to Reliant, Defendants unilaterally hired Mr. van der Voordt to conduct an audit the weekend before the joint audit was scheduled, cutting Reliant out of the process.

37.     When Reliant's audit team arrived in Florida for the joint audit, Defendants informed Reliant that Mr. van der Voordt had already performed an audit, that the joint audit was canceled, and that the Facility Defendants were terminating their Agreements.

38.     Defendants have refused to provide the "audit" to Reliant.

39.     Upon information and belief, Mr. van der Voordt's findings were not objective or accurate.

40.     Rehab Department then entered into contracts with the Facility Defendants to provide the same or materially similar services to the Facility Defendants that Reliant had been performing pursuant to the Agreements.

41.     Defendants aggressively recruited and/or solicited Reliant's employees in violation of the Agreements to service the new contracts with Rehab Department.

42.     Upon information and belief, Facility Defendants have been reimbursed by Medicare for all or a significant portion of the services provided by Reliant, and have directly or indirectly benefitted from such reimbursement.

43.     Defendants intended for Reliant to rely on Defendants' false statements with respect to amending the Agreements, and Reliant did rely on those false statements in agreeing to amend the Agreements.

44.     Reliant has been damaged as a result of justifiably relying on Defendants' false promises.

## COUNT I – BREACH OF CONTRACT (FACILITY DEFENDANTS)

45.     Reliant incorporates by reference the allegations previously set forth above.

46.     Reliant performed all obligations required of it under the Agreements.

47.     Without legal justification or excuse, Facility Defendants materially breached the Agreements with Reliant by failing to perform their obligations thereunder, including but not limited to failure to pay amounts due and owing and directly or indirectly recruiting Reliant's therapy personnel.

48.     As a direct and proximate result of the breach of the Agreements, Reliant has suffered damages.

49.     Interest is accruing on the unpaid balance of invoices.

50.     Reliant is entitled to collect attorneys' fees and costs.

### COUNT II – UNJUST ENRICHMENT (FACILITY DEFENDANTS)

51.     In the alternative to Count I, Reliant asserts this claim for Unjust Enrichment.

52.     Except to the extent inconsistent with the relief requested in this Count II, Reliant incorporates by reference the allegations previously set forth above.

53.     Reliant has provided valuable services to Facility Defendants for which it has not been paid.

54.     Reliant's services were rendered under circumstances pursuant to which Facility Defendants reasonably should have expected Reliant would expect to be compensated.

55.     Facility Defendants have knowingly and willingly received, or will receive, reimbursement by Medicare, directly or indirectly, for services provided by Reliant, and have wrongfully and intentionally withheld or will withhold such amounts from Reliant.

56.     Consequently, Facility Defendants have been unjustly enriched through the receipt of such services and at the expense of Reliant.

57.     Furthermore, Facility Defendants have a legal and fiduciary duty to immediately remit proceeds received in reimbursements from Medicare to Reliant if it has not timely paid

invoices as required by the Agreements. *See* Medicare Claims Processing Manual, Pub 100-04, Chapter 6, § 10.4.1; *see also* 42 U.S.C. § 1395cc(a)(1)(H)(ii), (g).

58.     For these reasons, a constructive trust should be imposed on any and all proceeds which have been, or hereafter are, received by Facility Defendants as reimbursement by Medicare for therapy and rehabilitation services provided by Reliant, plus interest, costs, and attorneys' fees.

## COUNT III – FRAUDULENT INDUCEMENT (ALL DEFENDANTS)

59.     Except to the extent inconsistent with the relief requested in this Count III, Reliant incorporates by reference the allegations previously set forth above.

60.     Defendants made false statements of material fact in connection with inducing Reliant to enter into the Second Amendment, including but not limited to:

   a.   Facility Defendants intended to continue their relationship with Reliant;

   b.   The Medicare dispute and "holdback" were limited to the Springhill facility;

   c.   Defendants indicated that a third-party independent audit would be conducted in connection with the Medicare dispute and "holdback" at Springhill;

   d.   At the conclusion of the third-party independent audit, the "holdback" would be resolved and the Facility Defendants would pay Reliant for any claims deemed to be proper; and

   e.   Defendants would directly or indirectly recruit Reliant's therapy personnel only after paying all amounts due to Reliant and would otherwise honor the noncompetition, non-solicitation and recruitment provisions of the Agreements.

61.     Defendants knew, or should have known, that the statements were false.

62.     Defendants intended that Reliant would rely on the false statements in agreeing to the Second Amendment.

11

63.     Reliant did justifiably rely on Defendants' false statement to its detriment and has suffered damages as a direct and proximate result.

64.     Defendants' conduct was fraudulent and malicious, and therefore Reliant seeks exemplary damages in an amount sufficient to punish Defendants and to deter others from engaging in similar behavior.

<u>COUNT IV - TORTIOUS INTERFERENCE (MTD DEFENDANTS)</u>

65.     Except to the extent inconsistent with the relief requested in this Count IV, Reliant incorporates by reference the allegations previously set forth above.

66.     The "MTD Defendants" who filed a Motion to Dismiss on January 3, 2017 are Mr. Atkins, Mr. van der Voordt, Rehab Department, Traditions, and LA Management.

67.     Reliant had existing business relationships and enforceable contracts, i.e. the Agreements, with Facility Defendants, pursuant to which Reliant had legal rights.

68.     Reliant had existing business relationships with its therapy personnel.

69.     The MTD Defendants clearly knew of the business relationships and Agreements.

70.     The MTD Defendants were not themselves parties to the business relationships and Agreements.

71.     The MTD Defendants intentionally and without justification interfered in the Reliant's relationships with the Facility Defendants and its therapy personnel by, among other things, causing the Facility Defendants to terminate the Agreements and soliciting, recruiting, and/or hiring Reliant's therapy personnel.

72.     Reliant has suffered damages as a directly and proximate result of the MTD Defendants' interference.

12

73.     Defendants' conduct was fraudulent and malicious, and therefore Reliant seeks exemplary damages in an amount sufficient to punish Defendants and to deter others from engaging in similar behavior.

## JURY TRIAL DEMAND

74.     As allowed by FED. R. CIV. P. 38, Reliant respectfully demands a jury trial.

## PRAYER FOR RELIEF

WHEREFORE, Reliant requests judgment against Defendants as follows:

A.     An award of damages in an amount to be proven at trial, including actual, direct, economic, statutory, incident, consequential, and exemplary damages;

B.     Reliant's costs, expenses, and attorneys' fees associated with the prosecution of this action;

C.     The imposition of a constructive trust on sums received by Facility Defendants as Medicare reimbursement for therapy and rehabilitation services provided by Reliant and not paid for by Facility Defendants;

D.     Pre-judgment and post-judgment interest; and

E.     All other relief to which Reliant may be entitled.

Respectfully submitted,

                                                       -and-

_____
Keith T. Appleby, Esq.
BANKER LOPEZ GASSLER P.A.
501 East Kennedy Blvd., Ste. 1700
Tampa, Florida
Telephone: (813) 222-1157
Facsimile: (813) 222-3066
kappleby@bankerlopez.com

*Counsel for Plaintiff*

FULTZ MADDOX DICKENS PLC
Phillip A. Martin, admitted *pro hac vice*
101 S. Fifth Street, Ste. 2700
Louisville, KY 40202
Telephone: (502) 588-2000
Facsimile: (502) 588-2020
pmartin@fmdlegal.com

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing was filed electronically through the Court's CM/ECF system on January 23, 2017. Notice of this filing will be served through the Court's electronic filing system upon:

Shirin M. Vesely
Nicole M. Clausing
Keane, Rease, Vesely, & Gerdes, PA
770 Second Ave S
St. Petersburg, FL 33701

_____

*Counsel for Plaintiff*