UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

RELIANT PRO REHAB, LLC.,

    Plaintiff,

v.                                    CASE NO. 8:16-CV-03287-MSS-MAP

BENJAMIN ATKINS, ET AL.,

    Defendants.

_____/

## DEFENDANTS' MOTION TO DISMISS FIRST AMENDED COMPLAINT AND MEMORANDUM OF LAW

Defendants, Benjamin Atkins, Remko van der Voordt, The Rehab Department, LLC, Traditions Senior Management, Inc., and LA Management Holdings, LLC, (collectively the "Non-Nursing Home Defendants") and Botetourt Health Care LLC, Chesapeake Rehab & Care Center. LLC, Essex Rehab & Care Center LLC, Birdmont Health Care LLC, Cplace University SNF LLC, Cplace Timberwood SNF LLC, Cplace Springhill SNF LLC, Cplace Colonial RC LLC, Cplace Forest Park SNF LLC, Cplace Unity SNF LLC, and Cplace Baton Rouge SNF LLC (collectively, "the Nursing Home Defendants"), file this their Motion to Dismiss Plaintiff's First Amended Complaint and Memorandum of Law, as follows:

### Introduction

On January 3, 2017, the Non-Nursing Home Defendants filed their Motion to Dismiss Complaint and Memorandum of Law (Doc. # 46). On January 23, 2017, Plaintiff filed its

1

Response in Opposition to Motion to Dismiss (Doc. #50) and its Motion for Leave to Amend Complaint and Memorandum in Support (Doc. # 49) which attached its proposed First Amended Complaint. This Court granted Plaintiff's Motion for Leave to Amend Complaint on April 5, 2017. The First Amended Complaint was, likewise, filed on April 5, 2107 and alleges the following causes of action against the following Defendants: (a) Count I- Breach of contract against the 11 Nursing Home Defendants, (b) Count II- Unjust Enrichment against the 11 Nursing Home Defendants, (c) Count III- Fraudulent Inducement against all 16 Defendants, and (d) Count IV- Tortious Interference against the Non-Nursing Home Defendants.

Plaintiff's First Amended Complaint fails to state a cause of action for unjust enrichment (Count II), fraudulent inducement (Count III) and tortious interference (Count IV) and should therefore be dismissed.

In considering this motion to dismiss, the Court must accept all factual allegations in a complaint as true and take them in the light most favorable to the plaintiff. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). To withstand a motion to dismiss, however, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The United States Supreme Court explains that:

> [a]plaintiffs obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level. *Bell Atl. Corp,at* 555. (internal citations omitted).

Conclusory allegations, unwarranted deductions of facts, or legal conclusions masquerading as facts will not prevent dismissal. *Oxford Asset Management, Ltd. v. Jaharis*, 297 F.3d 1182 (11th Cir. 2002). Courts are not "bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain,* 478 U.S. 265, 286 (1986).

2

## Count II —Unjust Enrichment
## Fails to State a Claim Upon Which Relief Can be Granted

New to the Plaintiff's pleading is the count for Unjust Enrichment which seeks a constructive trust against the Nursing Home Defendants. In paragraph 58 of the proposed First Amended Complaint (Doc, 49-1, Page 11 of 14, Page ID 687), Plaintiff attempts to plead the remedy of constructive trust by stating:

> [a] constructive trust should be imposed on any and all proceeds which have been, or hereafter are, received by the Facility Defendants as reimbursement by Medicare for therapy and rehabilitation services provided by Reliant...

Plaintiff's proposed pleading fails to state a cause of action for constructive trust because it is devoid of the allegations necessary to state such a claim. Under Florida law, a party moving for a constructive trust must allege and prove (1) an express or implied promise, (2) which caused a transfer of property (3) by exploiting a confidential relationship that (4) resulted in an unjust enrichment to the responsible party. *In re Cameron,* 359 B.R. 818, 822 (Bankr. M.D, Fla. 2006). There is not a single word in the First Amended Complaint that describes a <u>confidential relationship</u> between the 11 Nursing Home Defendants and the Plaintiff nor can one be truthfully alleged. The relationship was purely arms- length which is supported by Plaintiff's own allegations underlying its Breach of Contract count.

## Count III —Fraudulent Inducement
## Fails to State a Claim Upon Which Relief Can be Granted

Count III fails to state a cause of action for the following reasons: (a) Plaintiff lumps all defendants in this Count without identifying the person that purportedly made the fraudulent statement or how each defendant could be responsible for a fraudulent statement, (b) the factual allegations are repugnant to a fraudulent inducement claim, (c) the alleged fraud is not separate or distinct from the performance of the contract.

Plaintiff proposes a fraudulent inducement and punitive damage claim against all 16 defendants but fails to identify a single person that purportedly made a fraudulent statement. Each defendant is entitled to know the purported fraudulent statement he is accused of making so he can adequately defend. Pursuant to Rule 9, Federal Rules of Civil Procedure, a Plaintiff is required to state with particularity the circumstances constituting fraud. As explained in *Ziemba v. Cascade Intl, Inc.*, 256 F.3d 1194, 1202 (11th Cir. 2001), Rule 9(b) is satisfied only if the complaint sets forth:

> (1) precisely what statements were made in what documents or oral representations or what omissions were made,
> (2) the time and place of each such statement and <u>the person responsible for making (or, in the case of omissions, not making) [the] same,</u>
> (3) the content of such statements and the manner in which they misled the plaintiff, and
> (4) what the defendants obtained as a consequence of the fraud (emphasis added).

A pleading that contains allegations of fraud is subject to a heightened pleading requirement. *Johnson v. Amerus Life Ins. Co.*, No. 05-61363, 2006 WL 3826774, at *4 (S.D. Fla. Dec. 27, 2006); *Morgan v. W.R. Grace & Co.--Conn.*, 779 So. 2d 503, 506 (Fla. 2d DCA 2000) (dismissing negligent misrepresentation claim, in part, for failing to plead the claim with specificity); *Clausen v. Lab. Corp. of Am., Inc.*, 290 F.3d 1301, 1305 (11th Cir. 2002).

Plaintiff has failed to adequately plead the elements of fraudulent inducement against the 16 defendants. To adequately plead a fraudulent inducement claim, Plaintiff must establish the following: 1) a false statement regarding a material fact; 2) <u>the person making the statement</u> knew or should have known that the representation was false; 3) intent by the person making the statement to induce action or reliance; and, 4) injury suffered because of justifiable reliance on the representation. *Biscayne Inv. Group, Ltd. v. Guar. Mgmt. Servs., Inc.*, 903 So. 2d 251, 255 (Fla. 3d DCA 2005) (emphasis added). Plaintiff has plainly failed to identify the person(s) that made the purported fraudulent statements and for this reason alone, Count III should be dismissed.

4

In addition, Count III fails because the factual allegations are repugnant to the fraudulent inducement claim. For example, the Plaintiff alleges **all** Defendants fraudulently induced it to enter in to the "Second Amendment." This necessarily includes Defendants Remko van der Voordt and The Rehab Department, LLC. Yet, Plaintiff's allegations relating to Remko van der Voordt and The Rehab Department, LLC relate to an audit that was conducted after the "Second Amendment." (Doc. #49-1, Paragraphs 30-37, Pages 8-9, Page ID 684-685). Plaintiff also points to the formation of The Rehab Department, LLC and filings with the Wyoming Secretary of State. (Doc. #49-1, Paragraphs 34-35, Pages 8, Page ID 684). In truth and in fact, The Rehab Department, LLC was not even in existence at the time of the "Second Amendment." The Rehab Department, LLC was formed on August 10, 2015 and the "Second Amendment" was signed in May 2015. It's factually impossible for The Rehab Department, LLC to have fraudulently induced the Plaintiff to enter into the "Second Amendment."

Furthermore, Plaintiff alleges "Unbeknownst to Reliant, Defendant's unilaterally hired Mr. van der Voordt to conduct an audit." (Doc. #49-1, Paragraph 36, Pages 9, Page ID 685). This allegation obviously suggests that Plaintiff did not even know Mr. van der Voordt until after the "Second Amendment." As such, and again, it is factually impossible for Remko van der Voordt to have fraudulently induced the Plaintiff to enter into the "Second Amendment" if these parties did not even know each other or communicate with one another prior thereto. Count III is simply frivolous as to The Rehab Department, LLC and Mr. van der Voordt.

Moreover and finally, the language of Count III reflects Plaintiff's continued attempt to disguise a breach of contract claim as fraud. Each of the so-called false statements is squarely dealt with and almost identical to the provisions of the "Second Amendment" (Doc. 14-2, Page ID 333-336). Paragraph I of the "Second Amendment" refers to a continuation of a relationship through August 1, 2015, Medicare liability and the "Springhill Holdback," recruitment of therapy personnel,

and past due balances. Yet, Plaintiff attempts to call the purported failure to adhere to these terms as a fraud in the inducement of that very contract. Plaintiff makes no distinction between the purported breach of contract and fraudulent inducement. Courts are not required to accept the label of "fraudulent inducement."

In *Freeman v. Sharpe Res. Corp.,* 2013 WL 2151723, at *8 (M.D. Fla., May 16, 2013), the Middle District Court of Florida dismissed a claim for fraud in the inducement when the alleged fraud had no distinction or independence from non-performance under the contract. Citing *Tiara Condo Ass'n, Inc. v. Marsh & McLennan Companies, Inc.,* 110 So. 3d 399, 407-09 (Fla. 2013), *Freeman* reasoned that "fundamental contractual principles continue to bar a tort claim where the offending party has committed no breach of duty independent of a breach of its contractual obligations."

Likewise, in *Joyeria Paris, SRL v. Gus & Eric Custom Services, Inc.,* 2013 WL 6633175 at *4 (S.D. Fla., Dec. 17, 2103), the Court found that Plaintiff failed to plead fraud when the alleged false representation was the same conduct that comprised defendants' breach of contract claim. The instant Plaintiff's label of "fraudulent inducement" is insufficient. "A plaintiff will not succeed merely by labeling a breach of contract claim fraud in the inducement; rather, the alleged fraud must be separate from the performance of the contract," *Freeman* at *8.

Generally under Florida law, a promise not performed does not equate to a misrepresentation of a material fact, and thus cannot support a misrepresentation claim. *Biscayne Inv. Group, Ltd.* 903 So. 2d at 255. An action for fraud generally may not be predicated on statements of opinion or promises of future action, but rather must be based on a statement concerning a past or existing fact. *Maunsell v. American Gen. Lift & Accident Ins.*

*Co.,* 707 So. 2d 916 (Fla. 3d DCA 1998). At most, Count III purports to allege a contractual promise not performed rather than a claim based on any false statement of material fact.

Based on the foregoing reasons, the fraudulent inducement claim fails to state a cause of action and should be dismissed.

### Count IV - Tortious Interference with Contractual Relations Fails to State a Claim Upon Which Relief Can be Granted

The claim for tortious interference against the Non-Nursing Home Defendants fails to state a viable claim. Under Florida law, the elements of tortious interference with a contractual relationship are: 1) the existence of a contract; 2) defendant's knowledge of the contract; 3) defendant's intentional procurement of the contract's breach; 4) absence of any justification or privilege; and 5) damages resulting from the breach. *Johnson Enterprises of Jacksonville, Inc. v. FPL Group, Inc.,* 162 F.3d 1290, 1321 (11th Cir.1998) (emphasis added).

For the interference to be unjustified, the interfering defendant must be a third-party, a stranger to the business relationship. *Seminole Transportation Specialists, Inc. v. PDM Bridge, LLC* 2009 WL 382273 (M.D. Fla. 2009); *Abruzzo v. Haller,* 603 So. 2d 1338, (Fla. 1st DCA 1992); *West v. Troelstrup,* 367 So. 2d 253 (Fla. 1st DCA 1979). The Plaintiff fails to allege, and in truth cannot allege, that any of the Non-Nursing Home Defendants are strangers to the business relationship.

In order to maintain an action for tortious interference with a contract, a plaintiff must prove that a third party interfered with a contract by "influencing, inducing or coercing one of the parties ... to breach the contract, thereby causing injury to the other party." An agent of a corporate party to a contract, acting within his capacity and scope as an agent, cannot be considered a separate entity outside of the contractual relationship which can tortiously interfere with that relationship. *Cedar Hill Properties, Corp. v. Eastern Federal,*

*Corp.*, 575 So. 2d 673, 676 (Fla. 1st DCA 1991) (quoting *West v. Troelstrup*, 367 So. 2d 253, 255 (Fla. 1st DCA 1979)).

The Plaintiff claims that Ben Atkins, Traditions Senior Management, Inc, and LA Management Holdings, LLC interfered with and caused the termination of the very "Agreements" they signed on behalf of the nursing facility defendants.[1] This does not make a tortious interference claim under Florida law. Each of these three defendants is an agent of a corporate party, acting within his/its capacity and scope as an agent, and cannot be considered a separate entity outside of the contractual relationship which can tortiously interfere with that relationship. As such, Count IV fails to state a claim as to Ben Atkins, Traditions Senior Management, Inc., and LA Management Holdings, LLC.

Additionally, the Plaintiff has not and cannot allege that The Rehab Department, LLC or Remko van der Voordt intentionally procured the Nursing Home Defendants' breach of the "Agreements" with Plaintiff or absence of any privilege. In *Chiquita Intern. Ltd. v. Fresh Del Monte Produce,* 749 So. 2d 578 (2000), Chiquita brought a claim for tortious interference against Del Monte, The appellate court affirmed the trial court's determination that Chiquita's claim was insufficient as a matter of law because Chiquita failed to allege that Del Monte's subsequent agreement with its supplier directly induced the supplier to breach its previous contract with Chiquita. The same circumstances exist here with respect to The Rehab Department, LLC and Remko van der Voordt. The instant Plaintiff has not alleged, and cannot truthfully allege, that The Rehab Department, LLC and/or Remko van der Voordt directly induced the Nursing Home Defendants or any agent thereof to breach their contracts with the Plaintiff. In fact, the instant Plaintiff's current allegations belie any type of inducement. For

---

[1] By the face of the contracts and particularly the 2015 Second Addendum, Traditions Senior Management, Inc, and LA Management Holdings, LLC are also not strangers to the contracts; they are undisputedly agents of the nursing home entities because they executed the Second Addendum "ON BEHALF OF CUSTOMER." Likewise, Benjamin Atkins is undisputedly an agent of Traditions Senior Management, Inc. and LA Management Holdings, as indicated by his signature for such entities on the 2015 Second Addendum. (Doc. 14-12, Page ID 336).

example, the Plaintiff states that it was the Defendants that "hired" Remko van der Voordt, the principal of The Rehab Department, LLC to conduct the audit. (Doc. 49-1, paragraph 36, Page ID 685). Plaintiff does not and cannot truthfully allege that The Rehab Department, LLC and/or Remko van der Voordt induced any breach of the Agreements.

In addition, and from the face of the First Amended Complaint, Remko van der Voordt and The Rehab Department, LLC are also not strangers to the contractual relationships. As Plaintiff even alleges: Remko van der Voordt is a "former principal of Defendants;" The Rehab Department, LLC was "created with Defendants knowledge;" and Defendants "hired" Remko van der Voordt, the principal of The Rehab Department, LLC to conduct the audit. (Doc. 1, paragraphs 34 and 35).

Based on the foregoing, Count IV of the proposed First Amended Complaint fails to state a cause of action for tortious interference against the Non-Nursing Home Defendants. As such, this count should be dismissed.

## Conclusion

Based on the foregoing, the Defendants request this Court dismiss Counts II, III and IV of Plaintiff's First Amended Complaint and award reimbursement for all reasonable and necessary attorney's fees and costs in relation hereto.

Respectfully submitted,

/s/Shirin M. Vesely
SHIRIN M. VESELY, ESQ.
Trial Counsel
FBN: 021156
Email: svesely@krvglaw.com
Keane, Reese, Vesely & Gerdes, P.A.
Post Office Box 57
St. Petersburg, FL 33731-0057
(727) 823-5000/ FAX (727) 894-1023
Attorney for Defendants
Secondary email: efiling@krvglaw.com

9

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on April 10, 2017, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to the following:

Keith T. Appleby, Esq.
501 E. Kennedy Blvd. Ste. 1700
Tampa, FL 33602
kappleby@bankerlopez
service-kappleby@bankerlopez.corn

Philip A. Martin, Esq. Fultz Maddox Dickens PLC
101 South Fifth St., 27th Floor
Louisville, KY 40202
pmartin@findlegal.corn

/s/ Shirin M. Vesely
SHIRIN M. VESELY, ESQ.