UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| RELIANT PRO REHAB, LLC ) | |
| ) | |
| PLAINTIFF ) | Case No. 8:16-cv-03287-MSS-MAP |
| ) | |
| v. ) | |
| ) | |
| BENJAMIN ATKINS, et al. ) | |
| ) | |
| DEFENDANTS ) | |

**PLAINTIFF'S REPLY AND AFFIRMATIVE DEFENSES TO COUNTERCLAIM**

Plaintiff / Counterclaim Defendant, Reliant Pro Rehab, LLC ("Reliant"), submits its Reply and Affirmative Defenses to the Counterclaim filed on June 12, 2017 (DN 82) by Defendants / Counterclaim Plaintiffs: Botetourt Health Care, LLC ("Botetourt"); Chesapeake Rehabilitation & Care Center, LLC ("Chesapeake"); Essex Rehab & Care Center, LLC ("Essex"); Birdmont Health Care, LLC ("Birdmont"); CPlace University SNF, LLC ("University"); CPlace Timberwood SNF, LLC ("Timberwood"); CPlace Springhill SNF, LLC ("Springhill"); CPlace Colonial RC, LLC ("Colonial"); CPlace Forest Park SNF, LLC ("Forest Park"); and CPlace Unity SNF, LLC ("Unity"); CPlace Baton Rouge SNF, LLC ("Baton Rouge") (collectively, Botetourt, Chesapeake, Essex, Birdmont, University, Timberwood, Springhill, Colonial, Forest Park, Unity, and Baton Rouge are the "Facility Defendants").

1. Reliant admits the allegations in Paragraph 1.

2. Reliant admits the allegations in Paragraph 2.

3. Reliant admits the allegations in Paragraph 3.

4. Reliant admits the allegations in Paragraph 4.

5. Reliant admits the allegations in Paragraph 5.

6. Reliant admits the allegations in Paragraph 6.

7. Reliant admits the allegations in Paragraph 7.

8. Reliant admits the allegations in Paragraph 8.

9. Reliant admits the allegations in Paragraph 9

10. Reliant admits the allegations in Paragraph 10.

11. Reliant admits the allegations in Paragraph 11.

12. Reliant admits the allegations in Paragraph 12.

13. Reliant admits the allegations in Paragraph 13.

14. Reliant admits that venue is proper before this Court. Reliant denies the remaining allegations in Paragraph 14.

15. Reliant admits that Facility Defendants operate nursing homes in Virginia and Louisiana. Reliant denies the remaining allegations in Paragraph 15.

16. Reliant admits that it entered into agreements with the Facility Defendants in 2012 (the "Therapy Services Agreements"). The remainder of the allegations in Paragraph 16 purport to characterize the Therapy Services Agreements, which are written documents and are the best evidence of their contents. Reliant denies any allegations inconsistent with the same.

17. Reliant admits the allegations in Paragraph 17.

18. The allegations in Paragraph 18 purport to characterize the Therapy Services Agreements, which are written documents and are the best evidence of their contents. Reliant denies any allegations inconsistent with the same.

19. Reliant denies the allegations in Paragraph 19.

20. Reliant denies the allegations in Paragraph 20.

21. Reliant admits that Facility Defendants stopped paying Reliant. Reliant admits that a Second Addendum was executed. Reliant denies the remaining allegations in Paragraph 21.

22. The allegations in Paragraph 22 purport to characterize the Second Addendum, which is a written document and is the best evidence of its contents. Reliant denies any allegations inconsistent with the same.

23. Reliant admits that the parties continued to do business after the Second Addendum was executed. Reliant denies the remaining allegations in Paragraph 23.

24. Except as expressly admitted, Reliant denies the allegations in Paragraphs 1 through 24.

25. Reliant admits the allegations in Paragraph 25.

26. Reliant denies that the Facility Defendants are entitled to the relief sought in Paragraph 26.

27. Reliant denies that the Facility Defendants are entitled to the relief sought in Paragraph 27.

28. Except as expressly admitted, Reliant denies the allegations in Paragraphs 1 through 28.

29. Reliant admits that it entered into the Therapy Services Agreements with the Facility Defendants. The remainder of the allegations in Paragraph 29 purports to characterize the Therapy Services Agreements, which are written documents and are the best evidence of their contents. Reliant denies any allegations inconsistent with the same.

30. Reliant denies the allegations in Paragraph 30.

31. Reliant denies the allegations in Paragraph 31.

32. Reliant denies the allegations in Paragraph 32.

33. Except as expressly admitted, Reliant denies the allegations in Paragraphs 1 through 33.

34. The allegations in Paragraph 34 purport to characterize the Therapy Services Agreement, which are written documents and are the best evidence of their contents. Reliant denies any allegations inconsistent with the same.

35. Reliant denies the allegations in Paragraph 35.

36. Except as expressly admitted, Reliant denies the allegations in Paragraphs 1 through 36.

37. Reliant denies the allegations in Paragraph 37.

38. Reliant admits that the parties entered into the Second Addendum. Reliant denies the remaining allegations in Paragraph 38.

39. Reliant denies the allegations in Paragraph 39.

40. Reliant denies the allegations in Paragraph 40.

41. Paragraph 41 is a demand for jury trial and does not require a response.

## **AFFIRMATIVE DEFENSES**

1. Reliant denies every allegation in the Counterclaim that is not specifically admitted in this Reply.

2. Facility Defendants' fail to state claims upon which relief may be granted.

3. Facility Defendants failed to plead the fraud claims with particularity.

4. Facility Defendants' claims are barred by the doctrines of duress, estoppel, failure of consideration, or waiver.

5. Facility Defendants materially breached their agreements, thereby excusing Reliant's future performance.

6. Any breach of contract on Reliant's part is excused by Facility Defendants' fraud as alleged in the Second Amended Complaint.

7. Facility Defendants' claims are barred by the applicable statutes of limitations.

## PRAYER FOR RELIEF

WHEREFORE, Reliant respectfully requests:

A. Dismissal of Facility Defendants' claims against Reliant *with prejudice*;

B. An award of costs and fees; and

C. All other appropriate relief.

Respectfully submitted,

|  |  |
|---|---|
|  | -and- |
| *s/ Keith T. Appleby* |  |
| Keith T. Appleby, Esq. | FULTZ MADDOX DICKENS PLC |
| BANKER LOPEZ GASSLER P.A. | Phillip A. Martin, admitted *pro hac vice* |
| 501 East Kennedy Blvd., Ste. 1700 | 101 S. Fifth Street, Ste. 2700 |
| Tampa, Florida | Louisville, KY 40202 |
| Telephone: (813) 222-1157 | Telephone: (502) 588-2000 |
| Facsimile: (813) 222-3066 | Facsimile: (502) 588-2020 |
| kappleby@bankerlopez.com | pmartin@fmdlegal.com |

*Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing was filed electronically through the Court's CM/ECF system on June 27, 2017. Notice of this filing will be served through the Court's electronic filing system upon:

Shirin M. Vesely
Nicole M. Clausing
Keane, Rease, Vesely, & Gerdes, PA
770 Second Ave S
St. Petersburg, FL 33701

                                                *s/ Keith T. Appleby*
                                                *Counsel for Plaintiff*