UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**RELIANT PRO REHAB, LLC,**

    Plaintiff,

v.                                     Case No: 8:16-cv-3287-T-35MAP

**BENJAMIN ATKINS, et al.,**

    Defendants.
_____/

## ORDER

**THIS CAUSE** comes before the Court for consideration of Defendants' Motion to Dismiss Counts III and IV of Plaintiff's Second Amended Complaint (Dkt. 81) and Plaintiff's response in opposition thereto (Dkt. 87).

Defendants move to dismiss Count III of the Second Amended Complaint for fraudulent inducement, asserting that the claim fails to state a cause of action. Specifically, Defendants contend that the claim is not pled with particularity and that it is not entirely clear against whom the claim is asserted. Defendants' Motion to Dismiss as to Count III for fraudulent inducement is DENIED.

> To establish a claim of fraud in the inducement under Florida law, a plaintiff must demonstrate four elements: (1) that the defendant misrepresented a material fact; (2) that the defendant knew or should have known the falsity of the statement; (3) that the defendant intended that the representation would induce the plaintiff to enter into a contract or business relationship; and (4) that the plaintiff suffered injury in justifiable reliance on the misrepresentation.

Siever v. BWGaskets, Inc., 669 F. Supp. 2d 1286, 1294 (M.D. Fla. 2009) (citing Biscayne Inv. Group, Ltd. v. Guarantee Mgmt. Servs., Inc., 903 So. 2d 251, 253 (Fla. 3d DCA 2005).

Plaintiff's fraudulent inducement claim is pled with sufficient particularity such that Defendants are apprised of those against whom the claim is asserted.

Specifically, Count III states that it is directed against Defendants Benjamin Atkins, Traditions Senior Management, Inc., and LA Management Holdings, LLC, and the Facility Defendants.[1]  (Dkt. 71 at 14)  Plaintiff lists several allegedly false statements made by Defendant Atkins that Plaintiff contends were "on behalf of and for the benefit of Traditions, LA Management and the Facility Defendants so those entities are liable for his fraud."  (Id. at ¶¶ 79-80)  Plaintiff also alleges several false statements made by Lynda Hebbeln on behalf of Defendants Traditions Senior Management, Inc. and LA Management Holdings, LLC, and the Facility Defendants.  (Id. at ¶ 81)  Plaintiff alleges that these Defendants knew or should have known that the aforementioned statements were false.  (Id. at ¶ 82)  Plaintiff alleges that Defendants intended for Plaintiff to rely on the false statements in agreeing to the Second Addendum.  (Id. at ¶ 83)  Plaintiff also alleges that it justifiably relied on those allegedly false statements to its detriment and suffered damages by the Defendants' interference.  (Id. at ¶¶ 84-85)

These assertions are sufficient for Defendant Atkins, Traditions Senior Management, Inc., and LA Management Holdings, LLC, and the Facility Defendants to know the allegations against them and formulate a proper response.  To the extent Defendants desire more factual details, those details may be ferreted out in discovery.

---

[1] The Facility Defendants consist of Defendants Botetourt Health Care, LLC, Chesapeake Rehabilitation & Care Center, LLC, Essex Rehab & Care Center, LLC, Birdmont Health Care, LLC, CPlace University SNF, LLC, CPlace Timberwood SNF, LLC, CPlace Springhill SNF, LLC, CPlace Colonial RC, LLC CPlace Forest Park SNF, LLC, CPlace Unity SNF, LLC, and CPlace Baton Rouge SNF, LLC.  The Facility Defendants are allegedly managed and operated by Defendants Traditions Senior Management, Inc., and LA Management Holdings, LLC, which are allegedly controlled by Defendant Atkins.  (Dkt. 71 at ¶¶ 33, 35)

Defendants move to dismiss Count IV of the Second Amended Complaint for tortious interference, arguing that the claim fails to state a viable claim. "Under Florida law, the elements of a cause of action for tortious interference with a contractual relationship are: (1) The existence of a contract, (2) The defendant's knowledge of the contract, (3) The defendant's intentional procurement of the contract's breach, (4) Absence of any justification or privilege, [and] (5) Damages resulting from the breach." Johnson Enterprises of Jacksonville, Inc. v. FPL Group, Inc., 162 F.3d 1290, 1321 (11th Cir. 1998) (quoting Florida Tel. Corp. v. Essig, 468 So. 2d 543, 544 (Fla. 5th DCA 1985)). Defendants argue that Plaintiff cannot establish this claim because it cannot show that any interference by Defendants was unjustified or unprivileged. More specifically, Defendants argue that "[f]or the interference to be unjustified, the interfering defendant must be a third-party, a stranger to the business relationship" and Plaintiff "in truth cannot allege[] that Ben Atkins, Traditions, and LA Management are strangers to the business relationship."[2] (Dkt. 81)

To this point, Plaintiff acknowledges that under Florida law, generally, a claim for tortious interference cannot exist against a principal, or its agent, in relation to the contract for which the principal is a party. However, Plaintiff argues

> the privilege to interfere is a valid defense to a claim for tortious interference only where the interference was not done for some improper purpose. The right to interfere in contractual relations, as granted to interested parties, is qualified by the obligation to proceed in good faith. This good faith requirement, common to all facets of contract law, disqualifies litigants from

---

[2] The Court notes that while it appears that Defendants seek dismissal of Count IV as to Defendants Benjamin Atkins, Remko van der Voordt, The Rehab Department, LLC, Traditions Senior Management, Inc., and LA Management Holdings, LLC, the foregoing argument for dismissal, and the only argument presented as to the dismissal of this claim, is asserted only on behalf of Defendants Benjamin Atkins, Traditions Senior Management, Inc., and LA Management Holdings, LLC. (See Dkt. 81 at 6-10) Hence, the Court only considers whether dismissal of Count IV is proper as to Defendants Benjamin Atkins, Traditions Senior Management, Inc., and LA Management Holdings, LLC.

3

> asserting the privilege when they have acted with malicious or conspiratorial motives.

(Dkt. 87 at 9) (quoting Burger King Corp. v. Ashland Equities, Inc., 161 F. Supp. 2d 1331, 1336 (S.D. Fla. 2001)) (citing Morsani v. Major League Baseball, 663 So. 2d 653, 657 (Fla. 2d DCA 1995)).

Plaintiff is correct that in certain circumstances "Florida courts recognize the privilege to interfere as a valid defense to a claim for tortious interference so long as the interference was not done for some improper purpose." Hodges v. Buzzeo, 193 F. Supp. 2d 1279, 1285 (M.D. Fla. 2002) (citing Morsani, 663 So. 2d at 657).  Alternatively stated, "[t]he so-called 'privilege to interfere' protects certain parties with a legally-recognized interest in a contract from being sued for interfering with that contract." CSDS Aircraft Sales & Leasing, Inc. v. Lloyd Aereo Boliviano Airlines, No. 09-CIV-22274, 2011 WL 1559823, * (S.D. Fla. April 22, 2011) (citing Salit v. Ruden, McClosky, Smith, Schuster & Russell, P.A., 742 So. 2d 381, 386 (Fla. 4th DCA 1999). "The privilege is not unlimited, however, and it does not afford an absolute shield to liability." Id. (citing Burger King Corp., 161 F. Supp. 2d at 1336).  "Thus, even for 'non-strangers' to a contract, the privilege to interfere is a valid defense only to the extent the interference was done in good faith." Id. (citing Morsani, 663 So. 2d at 657). In other words, "the privilege does not encompass the purposeful causing of a breach of contract." Id.

Here, Plaintiff has alleged that Defendants were not privileged to interfere because the alleged interference was intentional, improper, and without justification as it was done "for the benefit of Defendants Atkins, Traditions, and LA Management" and, therefore, not for the benefit of the respective nursing home facility they represented.  (Dkt. 71 at ¶¶ 91-93; Dkt. 87 at 10)

4

Indeed, "[t]he privilege is destroyed where an employee acts solely with ulterior purposes, without an honest belief that his actions would benefit the employer, and the employee's conduct concerning the contract or business relationship is not in the employer's best interest." Salit, 742 So. 2d at 386. Thus, the foregoing allegations are sufficient to survive a motion to dismiss and raise a factual inquiry as to whether the alleged interference was justified. Both the legal and factual inquiries are improper for final resolution at the motion to dismiss stage. Consequently, Defendants' motion to dismiss as to Count IV for tortious interference is DENIED.

Upon consideration of the foregoing, it is **ORDERED**

1. Defendants' Motion to Dismiss Counts III and IV of Plaintiff's Second Amended Complaint (Dkt. 81) is **DENIED**.

2. Defendants are directed to file an Answer to Counts III and IV of the Second Amended Complaint within **fourteen (14) days** of the date of this Order.

**DONE** and **ORDERED** in Tampa, Florida, this 3rd day of August, 2017.

MARY S. SCRIVEN
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel of Record
Any Unrepresented Person